## CRANE VS. THE CITY OF FOND DU LAC.

A judgment recovered against an incorporated city, where there is no special provision in its charter as to how judgments against it shall be enforced, must be collected in the same manner as judgments against towns.

APPEAL from the Circuit court for *Fond du Lac* County.

The plaintiff, on the 20th day of September, 1860, recovered judgment against the defendant for $167.71, and on the 8th of June, 1861, execution was issued thereon, by virtue of which the sheriff levied on certain real estate belonging to the defendant and advertised the same for sale. The defendant moved to set aside the execution and all proceedings under it, for the reason that no execution can issue against a city, under the laws of the state. The circuit court over-ruled this motion and from the order over-ruling the same the defendant appealed.

*I. S. Tallmadge*, for appellant.

*J. M. Gillett*, for respondent.

1. The revised statutes, chap. 134, expressly authorizes the enforcing of judgments by execution, and cities are not exempted. 2. If it is said that secs. 77, 78, chap. 15 R. S., prohibiting executions against *towns* is applicable to cities under sub. 20, sec. 11, chap. 5, R. S., then we say that the statute especially relating to executions, having authorized it, that subdivision in express terms, prohibits such a construction.

*By the Court*, PAINE, J. There being no special provision in the charter of the *City of Fond du Lac*, prescribing in what manner judgments against the city should be enforced, we think it is governed by the general provisions of law in regard to towns. Those provisions are, that no execution shall issue, but that the amount of the judgment shall be made part of the next tax roll and collected as other taxes. Secs. 77, 78, chap. 15 R. S. Sec. 11, chap. 5, provides that " the word town may be construed to include all cities, &c.," " unless such construc-

tion would be repugnant to the provisions of any act specially relating to the same."

The counsel for the respondent suggests that this case is within the exception, for the reason that the general law relating to executions provides that executions may issue on judgments, and therefore such construction would be repugnant to the act specially relating to executions. But the general law as to executions does not specially relate to the *City of Fond du Lac*, and the obvious meaning of the section above quoted is, that the general provisions of the law in regard to towns shall be held applicable to cities, except so far as such con struction might be repugnant to some act specially relating to such cities. Here there is no special provision relating to the city, to prevent this statutory construction, and it should have been allowed to prevail.

The order refusing to set aside the execution and proceedings under it, is reversed, with costs, and the cause remanded for further proceedings.