STATE ex rel. SHERMAN VS. THE COMMON COUNCIL OF THE CITY OF MILWAUKEE.

*Practice in Mandamus cases— Writ granted to compel city authorities to levy tax to pay judgment—Secs. 77, 78, ch. 15, R. S. not applicable to cities.*

1. A motion to discharge a rule to show cause why a peremptory *mandamus* should not issue, must be regarded as a demurrer, and the statements of the relator taken as true.

2. Sections 77 and 78, ch. 15, R. S., which point out the particular mode of collecting judgments against *towns*, are not applicable to judgments against *cities ;* but the word "town" in those sections is to be strictly construed. *Crane v. City of Fond du Lac*, 16 Wis., 196, overruled as to this point.

3. A *mandamus* will be awarded against the common council of a city, commanding them to levy a tax for the purpose of paying a judgment against the city, unless it appears that they have not such power.

4. The allegations in the relator's affidavit in this case (*vide infra*) *held* to show a sufficient demand and refusal of payment.

APPLICATION for a *Mandamus.*

The petition of the relator was accompanied by the affidavit of his agent, stating in substance that said ·*Sherman* recovered in 1861, in the county court of said county, a judgment against the city of Milwaukee, for $302.75, which was docketed on the same day, and still remains in force, and no part of it paid ; that execution was issued thereupon, and returned *nulla bona ;* "that said *Sherman* * * has demanded payment of said judgment of the treasurer of said city, and the said treasurer has failed and refused to pay the same or any part thereof; that the common council of said city have failed to make any provision, by the assessment of taxes or otherwise, to pay or satisfy said judgment, but refuse so to do."

A rule was granted requiring the respondents to show cause why a peremptory *mandamus* should not issue commanding them " to levy, assess, and collect a tax in the manner in which other taxes are collected in said city," to pay said judgment. The respondents moved to discharge the rule.

*Jas. G. Jenkins*, City Attorney, for the motion:

*Mandamus* will lie only to enforce a clear legal right, and where a remedy at law is wanting or doubtful. *People v. Ran-*

*som*, 2 Coms., 490 ; *People v. Supervisors Chenango*, 11 N. Y., 563 ; *State ex rel. Carpenter v. Hastings*, 10 Wis., 518. It must be expressly shown by averment of a demand and refusal, or an equivalent, that the relator has done all in his power to obtain redress. Tapping, ch. IV. It must also be shown that the respondent refuses to perform a duty plainly devolved upon him. *People v. Sup'rs Chenango*, 1 Kern., 563, 575 ; *People v. Sup'rs Greene*, 12 Barb., 219. 2. There being no special provisions in the city charter as to the enforcement of judgments against the city, they must be collected in the same manner as judgments against towns, under R. S. ch. 15, sec. 78, p. 186. *Crane v. Fond du Lac*, 16 Wis., 196. 3. The writ will be refused where the relator does not show that the respondent has power to perform. Tapping, 17 ; *People v. Sup'rs Greene*, 12 Barb., 217 ; *People v. Sup'rs Westchester*, 15 id., 607 ; *Colonial Life Assurance Co. v. Sup'rs New York*, 24 id., 166 ; *People v. Comm'rs*, 11 How. Pr. R., 89 ; *People v. Tremain*, 17 id., 142 ; *People v. Burrows*, 27 Barb., 89 ; *People v. Comm'rs*, id., 94. The common council have no power by law to levy a tax to pay the respondent's judgment. By the charter the power is given to levy a tax not exceeding the limits therein prescribed. Charter, ch. V, secs. 4. 5, 6. (Laws of 1852, ch. 56.) By the amendments of 1858, the aggregate amount of taxes levied in any one year shall not exceed $175,000, which amount is set apart in the act for certain specified purposes. Pr. Laws of 1858, ch. 117, sec. 35. By the amendments of 1865, the common council are authorized to levy $80,000 for general city purposes ; $10,000 for reconstruction of bridges ; $10,000 for dredging ; $60,000 for ward purposes, and the amount required by the re-adjustment act; "and no other or greater sums shall be levied by the common council of said city or in any ward thereof, than are authorized in and by this act." Ch. 283, Laws of 1865. In *Soutter v. Madison*, 15 Wis., 32, there were certain specific provisions of the charter as to the manner of collecting judgments, and the court only enforced the duty so en

joined by the charter. As to the city of Milwaukee there are not and never were any such provisions. The prohibition contained in the act of 1865 is therefore valid, and does not impair any remedy existing at the time of the contracting of the debt. At no time, either prior or subsequently to the recovery of the relator's judgment, could the common council levy any tax otherwise than as provided by the acts referred to (except as power has been occasionally given for special purposes other than the collection of judgments); but an express inhibition is imposed upon the exercise of such a power. Moreover, it is not alleged that the common council have at any time neglected or refused to exercise the power of taxation to the full extent to which it is conferred. Nor is it alleged that there are not now sufficient funds on hand to satisfy the relator's judgment; nor that any demand of payment has ever been made of the common council, or that they have ever refused to pay. If there were funds on hand, and they should refuse payment, the remedy would be by *mandamus* to compel the payment of the judgment, not the levy of a tax. The demand for payment on the city treasurer was merely nugatory. He could only pay upon the order of the common council. Charter, ch. V, sec. 1. 4. An ample and equitable remedy is suggested to the relator by ch. 87, Gen. Laws of 1861, and to that he should be remanded.

*H. S. & J. J. Orton, contra.*

DOWNER, J. The defendant moves to discharge and set aside the rule to show cause why a peremptory writ of *mandamus* should not issue. This motion must be regarded as a demurrer, and the statements of the relator taken as true.

The attorney for the defendant, in support of the motion, insists that the writ should not be granted where there is any other clear legal remedy, and that there is such remedy by pursuing the same course to collect a judgment against the city as to collect judgments against towns. He cites *Crane v. Fond du*

*Lac*, 16 Wis., 196. This court did decide in that case that where there is no special provision in the charter of a city as to how judgments against it may be enforced, judgments must be enforced in the same manner as judgments against towns. Sections 77 and 78 of ch. 15, R. S., point out a particular mode of collecting judgments against towns. Subdivision twenty of sec. 1, ch. 5, R. S., is as follows: "The word 'town' may be construed to include all cities, wards or districts, unless such construction would be repugnant to the provisions of any act specially relating to the same." In construing this provision in connection with sections 77 and 78, above cited, the court decided that the word "town," as used in the latter, might be construed so as to embrace cities. What is the meaning of subdivision 20, sec. 1? We are satisfied that it means that wherever the word "town" is used in any act, it may, if the context requires it, and that is clearly the sense in which the authors of the act intended it should be used, be so construed as to include cities or wards. It *may* be so construed, if a correct construction of the act requires it, not that it *must or shall* be so construed, contrary to the evident meaning of the act. The word "town," as used in sections 77 and 78, chap. 15, and in fact throughout that entire chapter, is used with great exactness, and with such precision that it cannot be construed to mean anything else but the political corporation or *quasi* corporation therein described, which is very far from being a city.

The case of *Crane v. Fond du Lac* was decided without oral argument, and without due deliberation, and is overruled.

It appears to us that a sufficient demand and refusal is alleged by the relator; and it does not appear from any law or the charter of the city that the common council have not the power to raise by tax money to pay the judgment of the relator. If they have not, they can show this by way of answer.

*By the Court.*—The motion is overruled, and leave given to answer in twenty days.