THE STATE ex rel. WOOD vs. GOLDSTUCKER and another.

CONSTITUTIONAL LAW: JUSTICES OF THE PEACE: PROCEEDINGS TO LAY OUT HIGHWAYS. *(1) When cities entitled to elect justices of the peace. (2) Presumption from record as to J. P. de facto; validity of his acts. (3) J. P. of city ward may appoint commissioners in certain questions of highways in adjoining town. (4) When appeal lies to such commissioners. (5) Service of application and warrant. (6) Who may have the proceedings reviewed on certiorari.*

1. Sec. 15, art. VII of the state constitution, provides "that the electors of cities * *, at their charter elections shall, *in such manner as the legislature may direct*, elect justices of the peace," etc. *Held*, that after the legislature has once provided in the charter of a city for the election of justices of the peace therein, it cannot, by subsequent legislation, deprive the inhabitants of such city entirely of the right to elect such a justice. 13 Wis., 233.

2. Provisions of a city charter for the election of a J. P. in each ward of the city were, in terms, repealed by an act which made no provision for the election of any such justice in said city. Three years later, on *certiorari* to commissioners appointed by one G., as acting J. P. for a ward of said city, to review the action of certain town supervisors in refusing to lay out a highway, the petition alleged that G. was not a J. P. because there was no authority of law for electing such an officer in said city; and the return of G. stated that he was a J. P. for said ward, "duly elected and qualified and acting as such." *Held*, that upon this record G. must be assumed to have been a J. P. *de facto*, if not *de jure*; and his official acts are valid so far as the public or third persons are concerned.

.3. The statute (Tay. Stats., ch. 19, § 91, p. 498) provides that a person aggrieved by any determination of the supervisors of any town in respect to the laying out, etc., of a highway, may apply to a J. P. of " the same or an adjoining town " for the appointment of commissioners to review such determination. *Held*, that in connection with § 162 of the same chapter, and subd. 20, sec. 1, ch. 5, R. S., this section must be construed as giving the right to make such application to a J. P. of any *city ward* adjoining the town to which such highway pertains.

4. Under the statute, such an appeal to commissioners lies from an order of town supervisors refusing to lay out a highway, when the petition is for a highway *only three rods wide*, as well as in other cases.

5. The statute further provides (Tay. Stats., ch. 19, § 94, p. 499) that on the appeal being made, the J. P. shall "annex to the application a warrant," etc. Where it appeared that the warrant was served upon the

The State ex rel. Wood vs. Goldstucker and another.

commissioners appointed, and that, before they proceeded to act, the warrant and application were handed to them: *Held*, that this was sufficient.

6. One through whose land the line of a proposed highway runs, may in his own name procure a review, on *certiorari*, of the action of the authorities in laying out such highway.

APPEAL from the Circuit Court for *Fond du Lac* County.

The relator sued out from said circuit court a writ of *certiorari* directed to *L. Goldstucker*, as justice of the peace, and *S. B. Stanchfield*, as clerk of the town of Fond du Lac, to bring up for review certain proceedings taken to lay out a proposed highway in said town. Each of the respondents made return to the writ; and the circuit court, after a hearing, affirmed the order of the commissioners appointed by the respondent *Goldstucker*, in the matter of such highway. From such order of affirmance the plaintiff appealed.

The essential facts in the case will sufficiently appear from the opinion.

For the appellant, a brief was filed signed by *Taylor & Sutherland*, and the cause was argued orally by *David Taylor*. The argument on that side was substantially as follows: 1. *Goldstucker* was not a justice of the peace at all. (1) By sec. 18, ch. 474, P. & L. Laws of 1871, the office of justice of the peace was abolished in the city of Fond du Lac, and the justices then holding office were to be succeeded, on the expiration of their terms, by municipal judges, who were to be elected in April, 1871. All the justices in that city elected before 1871 were actually succeeded by such judges, and from 1871 to 1875 there was no authority for the election of other justices in that city. By sec. 2, art. VII of the constitution, the legislature is authorized to vest in municipal courts such jurisdiction, within their respective municipalities, *as shall be deemed necessary*. This is a power to vest in them *exclusive* jurisdiction when that is deemed necessary, as in this case. If the office of justice of the peace were strictly

a constitutional office, this could not be done; the jurisdiction must be left, or the office is gone. *Comm. v. Gamble*, 1 Am. R., 427–8; *State v. Messmore*, 14 Wis., 173. Hence the provisions of sec. 2, art. VII, are in conflict with those of sec. 15 of the same article, relating to justices of the peace, or it must be admitted that the office of justice in a city is not strictly a constitutional office; and if it be not such an office, then it may be abolished by the legislature. Again, the legislature can abrogate the charter of the city and reannex its territory to the adjoining towns, thus indirectly abolishing the office of justice of the peace in the city; or it might provide that instead of a justice for each ward there should be only one for the city at large, thus abolishing at least five offices of justice of the peace, which could not be done if it were a strictly constitutional office. Or it might have so limited the jurisdiction as really to remove the justices. *Ex parte McCollum*, 1 Cow., 567. But what the legislature can do indirectly, it can do directly. *People v. Morrell*, 21 Wend., 584. And to hold that the office of city justice is strictly a constitutional office, leads to the absurdity that the legislature may set in motion a machine which it cannot stop. Again, in *Atkins v. Fraker*, 32 Wis., 517, the court upheld a statute making a police justice the only magistrate in the village of Omro; and a police justice is not a justice of the peace. *State v. Hadley*, 7 Wis., 706. And in *Owens v. The State*, 27 id.; 456, and *Klaise v. The State*, id., 462, the court sustained a provision in a city charter giving the municipal court the same exclusive jurisdiction as is given to the municipal court of Fond du Lac. Sec. 15, art. VII of the constitution, can reasonably be construed as directory and not mandatory, empowering the legislature to direct the manner of electing justices of the peace in cities, but not requiring the election of such magistrates. And a legislative act will not be declared void, unless its inconsistency with the constitution is clear. (2) It is only where one is in the exercise of an office

by "color of right," that he will be regarded as an officer *de facto*. *In re Boyle*, 9 Wis., 267; 60 Barb., 234. 2. The word "town," throughout ch. 19, R. S., and ch. 152, Laws of 1869 (relating to highways), is used in its strict sense, and does not include cities or city wards; and consequently *Goldstucker*, even if a justice of the peace, had no jurisdiction to appoint commissioners in this case, the statute requiring the appointment to be made by a justice "of the same or some adjoining town" (R. S., ch. 19, sec. 72). To this point counsel cited *State ex rel. Sherman v. Milwaukee*, and analyzed at length the provisions of the highway statutes. 3. It does not appear that the justice "annexed" to his warrant the application made to him, as required by sec. 80, ch. 19, R. S. The two papers must be attached together. *Simpson v. Oldham*, 2 Chand., 129. 4. The supervisors in this case merely denied a three-rod road. No inference can be drawn from this, that they would have denied a four-rod road. And sec. 74, ch. 152 of 1869, which empowers them to lay out a three-rod road "when in their opinion a road of greater width is not needed," must be held to give them exclusive and final jurisdiction of that question. Sec. 77, ch. 19, R. S., providing for appeals in the most general terms, was enacted long before a three-rod road was authorized (by ch. 310 of 1864); and if there is any conflict between the two provisions, the former law, concerning appeals, is repealed to that extent. Potter's Dwarris, 154, and note 4, and 155 and cases there cited; *Dash v. Van Kleeck*, 7 Johns., 477, 497; 4 Cow., 456; *Livingston v. Harris*, 11 Wend., 329; 3 Paige, 528. If the local authorities in a town think that under their peculiar circumstances they can get on with a road one rod narrower than the width prescribed by the general statute, and choose to run the risk of accidents, they are permitted to do so; but clearly the legislature did not intend that commissioners from an adjoining town shall be permitted to decide concerning such circumstances or peculiar reasons. And the

legislative intent in the statute should govern. Potter's Dwar., 175, 180; *Ogden v. Glidden*, 9 Wis., 46; *Blunt v. Walker*, 11 id., 334; *Lawrence v. Vilas*, 20 id., 381.

For the respondents, the cause was submitted on the brief of *E. S. Bragg*, who argued, 1. That a person not a party to the record cannot take a proceeding to review it in his own name. 2. That the legislature cannot deprive the citizens of a city or village of the benefit of a general law carrying into effect a constitutional provision made for the benefit of all alike. 3. That *Goldstucker*, having been elected a justice of the peace and qualified as such, is a justice *de facto*, even if not *de jure*, and his acts, so far as the public and third persons are concerned, are binding. 4. That wards of a city are to all intents and purposes "towns;" they have supervisors, and are represented in county boards; they have assessors, justices and constables. There is nothing in the act relating to the city of Fond du Lac, nor in any other act, repugnant to the construction by which "town" in the highway act is taken to include a "ward," and it must therefore be so construed. Tay. Stats., 182, § 20.

COLE, J. It is objected that *James Wood* had no right to intervene in the proceedings to lay out the highway, for the purpose of having the action of the commissioners reviewed on *certiorari*. This position is untenable. The proposed highway passed through his land, and it seems too plain for argument that he was not a stranger to the proceedings which so materially affected his rights and interests. He had the undoubted right to take steps in his own name to review the action of the authorities in that behalf. This view leads to the inquiry, whether the proceedings in laying out the highway conformed to the statute. The petition signed by the requisite number of freeholders asked that a highway three rods wide be laid out between the designated points. The supervisors decided, on the hearing, against the application, but

made no formal order in the matter.   One Joseph Wolf, considering himself aggrieved by this determination of the board of supervisors, appealed therefrom, and applied to *Louis Goldstucker*, an acting justice of the peace for one of the wards of the city of Fond du Lac, for the appointment of commissioners to review such decision.

It is objected that *Goldstucker* was not a justice of the peace, and had no authority to entertain the appeal, because there was no law which provided for the election of a justice in the city of Fond du Lac, the charter in that regard having been repealed by sec. 18, ch. 474, P. & L. Laws of 1871.   To this objection the counsel for the respondents answers, 1. That the constitution, art VII, sec. 15, gives the authority to the electors of cities and villages to elect justices of the peace at their charter elections in such manner as the legislature may direct; and as the legislature had once provided in the charter for the election of justices in the city of Fond du Lac, the citizens could not afterwards be wholly deprived of that right, made for the benefit of all alike; and, 2. That the return to the writ shows that *Goldstucker* was elected and qualified as a justice of the peace, and is acting as such; that therefore he was a justice *de facto*, if not *de jure*, and that his acts, so far as third persons are concerned, are binding.

This answer seems to us quite sufficient, and conclusive upon the question.   The legislature could not entirely deprive the citizens of the city of Fond du Lac of the right to elect a justice of the peace.   It might determine whether one or more justices should be elected for the city, but it could not take away the right entirely.   The legislature had once acted, directing the manner of electing justices of the peace for the city; and having performed its duty in that respect, it could not afterwards totally repeal all provisions for such election. *Bull v. Conroe*, 13 Wis., 233.   It does not appear when *Goldstucker* was elected justice of the peace; but upon the facts it is impossible to say he was acting " without color of

title or pretense of right." See *Laver v. McGlachlin*, 28 Wis., 364, and cases there cited. He was certainly a justice *de facto*, if not one *de jure*, and his official acts are valid so far as the public and third persons are concerned.

But it is further objected that *Goldstucker* was not a justice of the town of Fond du Lac, or of any adjoining town, to whom an appeal from the determination of the supervisors might be taken under sec. 91, ch. 19, Tay. Stats. The fourth ward, in which he was chosen, adjoins the town of Fond du Lac; but it is insisted that a justice of the peace of a city ward is not a justice of the peace of an adjoining town, within the meaning of the section just cited. But this view cannot prevail against the clear language of subd. 20, sec. 1, ch. 5, and sec. 162, ch. 19, Tay. Stats. The former section declares that the word "*town*" may be construed to include a city *ward* or district, unless such construction would be repugnant to the provisions of any act specially relating to the same. That is, "wherever the word 'town' is used in any act, it may, if the context requires it, and that is clearly the sense in which the authors of the act intended it should be used, be so construed as to include cities or wards." Mr. Justice DOWNER, in *State ex rel. Sherman v. The Common Council of Milwaukee*, 20 Wis., 87–90. Sec. 162 makes the provisions of ch. 19 relating to highways applicable to cities, unless inconsistent with some special provision relating to such cities. We are unable to say that the legislature intended to exclude a justice of an adjoining ward or city from the language of the appeal section; nor does any cogent reason occur to us for adopting a construction which would exclude the jurisdiction of such justice, if the language were of doubtful import, as it is not. A labored argument is made to show that city commissioners would unnecessarily burden towns with expense when considering the question of laying out a highway in a town adjoining the city; but we fail to perceive the force of the argument. Besides, if any evils

should result from the law as it now stands, the remedy is with the legislature.

Sec. 94 provides that, on the appeal being made, the justice shall " annex to the application a warrant," etc. It appears that the warrant was served upon the commissioners appointed, and, before they proceeded to act in the matter, the warrant itself and application were handed to them. This we deem a sufficient compliance with the law.

Further it is insisted that no appeal to commissioners lies where the application is for a highway three rods wide, as in the case before us, but that the determination of the supervisors is final and conclusive. The statute gives the supervisors " power to lay out public roads of the width of three rods, when in their opinion a road of greater width is not needed." Sec. 87 (same as sec. 74, ch. 152, Laws of 1869). But sec. 77, ch. 152, gives an appeal to any person who shall consider himself aggrieved " by any determination of the supervisors " in laying out or refusing to lay out any highway. This provision certainly authorizes an appeal in the case of a road three rods in width, the same as in other cases.

This disposes of all material questions in the case.

*By the Court.* — The judgment of the circuit court is affirmed.