STATE OF MINNESOTA *ex rel.* LUTHER M. BROWN *vs.* JOHN L. MACDONALD.

August 11, 1877.

**Naturalization Law—Declaration of Intention.**—When an application to be admitted a citizen of the United States is made under that provision of the naturalization law found in section 2167 U. S. Rev. St., it is not necessary to have made or to make the declaration required in the first condition of section 2165. The provision of section 2167 requiring the applicant to make the declaration required in section 2165 at the time of his admission, has reference to the declaration required to be made at the time of his admission—*i. e.*, the declaration required by the second condition of section 2165.

**Amendment of Record, Nunc pro Tunc.**—It is competent for a district court of the state to amend *nunc pro tunc* the record of naturalization proceedings had therein, so as to correct an error of the clerk and to make the record conform to the truth.

**When Record Imports Absolute Verity—When Judgment Cannot be Questioned Collaterally.**—The record upon which the defendant relies in this case in proof of his citizenship is a genuine record of a district court of this state, in due form of what purport to be regular proceedings in naturalization in that court, resulting in a judgment which admits the defendant to become a citizen of the United States. It is the record of the proceedings of a domestic court of general jurisdiction, and as the court had, under the laws of the United States, jurisdiction of the subject-matter of the proceedings, and as it affirmatively appears upon the face of the record that the court had jurisdiction of the person of the defendant, the record imports absolute verity, and, therefore, it cannot be impugned, nor the judgment contained in it questioned, in a collateral proceeding.

Upon the information of Luther M. Brown a writ was

issued by the supreme court of the state of Minnesota, dated February 20, 1877, and directed to John L. Macdonald, commanding him to appear before the said court upon a day named, to show *quo warranto* he held and exercised the office of judge of the eighth judicial district. The defendant responded, by answer to the information and writ, at the time designated, and the case was thereupon referred for the purpose of taking testimony. It was conceded that the defendant had received a plurality of the votes cast for the office of judge of the said district, at a regular election held November 7, 1876, but it was maintained that the defendant was not eligible to hold said office, because he was an alien by birth, and had neither before nor since the said election declared his intention to become a citizen in accordance with the naturalization laws of the United States. To establish the fact of his naturalization the defendant offered in evidence the following record of naturalization proceedings had in the district court for Ramsey county:

*State of Minnesota, District Court, Second Judicial District, County of Ramsey—October Term, 1876.*

In the matter of the application of J. L. Macdonald to become a citizen of the United States, James O'Brien and John C. Devereux, being severally sworn, do depose and say, each for himself, that he is well acquainted with the above named J. L. Macdonald; that he has resided within the limits and under the jurisdiction of the United States for five years last past, and for one year last past within the state of Minnesota; and that during the same period he has behaved himself as a man of good moral character, attached to the principles of the constitution of the United States, and well disposed to the good order and happiness of the same.

JAMES O'BRIEN.
JOHN C. DEVEREUX

Subscribed and sworn to in open court this fourteenth day of October, 1876.

ALBERT ARMSTRONG, Clerk.

*State of Minnesota, District Court, Second Judicial District, County of Ramsey.*

I, J. L. Macdonald, do swear that I will support the constitution of the United States of America, and that I do, absolutely and entirely, renounce and abjure forever all allegiance and fidelity to every foreign power, prince, potentate, state or sovereignty whatever, and particularly to the queen of England, whose subject I was. And, further, that I never have borne any hereditary title, or been of any of the degrees of nobility of the country whereof I have been a subject, and that I have resided within the United States for five years last past, and in this state for one year last past; that I am a native of Scotland; that I was eleven years old when I arrived in the United States, in 1849, and it has always been for more than five years last past *bona fide* my intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to every foreign prince, potentate, state or sovereignty, and particularly to Victoria, queen of England, whose subject I was.

J. L. MACDONALD.

Subscribed and sworn to in open court this fourteenth day of October, 1876.

ALBERT ARMSTRONG, Clerk.

*State of Minnesota, District Court, Second Judicial District, County of Ramsey.*

And now, to-wit, at a term of said court now being held at St. Paul, in and for the county of Ramsey, in said state, upon the foregoing oaths and affidavits, and upon further proof having been made by the said J. L. Macdonald, did, before the clerk of this court, this fourteenth day of October,

1876, the same being a court of record, having common law jurisdiction, make the requisite declaration of his intention to become a citizen of the United States, and to renounce all other allegiance, as required by the laws of the United States.

It is ordered by the court, that the said J. L. Macdonald be, and he is hereby, admitted to be a citizen of the United States.

By the court:

ALBERT ARMSTRONG, Clerk.

[A true record.] Attest:

ALBERT ARMSTRONG, Clerk.

This record was objected to by the relator on the ground that it was not in accordance with the laws of the United States on the subject of naturalization. The relator, upon his part, proved that the defendant made application on October 14, 1876, to Albert Armstrong, the clerk of the district court for Ramsey county, at the office of the said clerk, to obtain his naturalization papers; that the said Armstrong administered the oath of allegiance to the defendant, and took his declaration, in the said office; that no judge of the court was present at any of these proceedings; and that neither the application to obtain naturalization papers, nor the proofs offered therewith, nor the declaration of intention accompanying the same, were submitted to the district court of the second judicial district, county of Ramsey, state of Minnesota, or to any judge thereof, or were in any way passed upon by said court, or any judge thereof, before the same were entered in the records of the said court. The relator also offered in evidence the following combined oath and declaratory statement, and proved that it was in terms identical with the one actually entered of record October 14, 1876:

*State of Minnesota, District Court, Second Judicial District, County of Ramsey.*

I, J. L. Macdonald, do swear that I will support the con-

stitution of the United States of America, and that I do, absolutely and entirely, renounce and abjure forever all allegiance and fidelity to every foreign power, prince, potentate, state or sovereignty whatever, and particularly to the queen of England, whose subject I was. And, further, that I never have borne any hereditary title, or been of any of the degrees of nobility of the country whereof I have been a subject, and that I have resided within the United States for five years last past, and in this state for one year last past; that I am a native of Scotland; that I was eleven years old when I arrived in the United States, in 1849, and it has always been my intention to become a citizen.

J. L. MACDONALD.

Subscribed and sworn to in open court this fourteenth day of October, 1876.

ALBERT ARMSTRONG, Clerk.

The defendant objected to the admission of this paper in evidence, upon the ground that the record of the district court was the best evidence, and could not be varied or contradicted in any way in this proceeding, or collaterally or at all. The defendant thereupon introduced in evidence the record of the district court of Ramsey county, showing an application to the said court, March 2, 1877, to amend *nunc pro tunc* the combined oath and declaration of the defendant, as entered of record October 14, 1876, upon the ground that the clerk, or his deputy, unintentionally and by mistake omitted to reduce the whole of defendant's declaration to writing, and insert the same in the record of the court; and also an order made by the said court on the same day, amending *nunc pro tunc* the said record and judgment, so as to enlarge the declaration of the defendant, and cause it to read as set forth in the record at the time this evidence was taken.

*Chas. E. Flandrau* and *H. F. Masterson,* for relator.

The alleged judgment of naturalization was void for want of jurisdiction, because the defendant never subjected himself

by personal appearance to the jurisdiction of any court. This want of jurisdiction may be shown, and, also, that this pretended record is, therefore, false and spurious. *Knowles* v. *Logansport Gaslight & Coke Co.* 19 Wall. 58; *Thompson* v. *Whitman*, 18 Wall. 457; *Starbuck* v. *Murray*, 5 Wend. 158; *Bloom* v. *Burdick*, 1 Hill, 139; *Allen* v. *Blunt*, 1 Blatch. 480; *Richards* v. *McDaniel*, 2 N. & McC. (S. C.) 351. In the case of naturalization there is no party before the court but the applicant, and there is, therefore, no one to object or move for correction of error. In such a case, therefore, the only remedy against fraud and false records must be sought and obtained through some independent proceeding, such as this *quo warranto*, otherwise there would be no relief, and the state would be deprived of her day in court. This, then, is not attacking the alleged judgment collaterally, but is, under the circumstances, attacking it in the most direct manner possible. It is well established that the naturalization of an alien is a judicial proceeding, and cannot be delegated to a clerk. *Spratt* v. *Spratt*, 4 Pet. 393; *McCarthy* v. *Marsh*, 5 N. Y. 263, 279; *Anon.* 7 Hill, 138; *In re Clark*, 18 Barb. 447; *Ex parte Frank Knowles*, 5 Cal. 300; 41 N. H. 270; United States St. 1876, p. 2. Yet here the facts required to be proved to the satisfaction of the court were only proved to the satisfaction of the clerk of the court, and the entry made in the records of the court were false and unauthorized.

The proofs made before the clerk were not legal or sufficient because they were made by affidavit, and were, therefore, not common law proofs. The applicant, moreover, was permitted to prove his own residence, contrary to the third condition of section 2165. Neither did the *nunc pro tunc* order help the defendant's case, because the court had not prior thereto acquired jurisdiction of the person of the defendant, or taken any previous judicial action in relation to the said proceedings. Neither had the clerk any authority to record anything but proceedings before the court. Section 2165, sub. 2. The amendment, also, was not made until after

the case had come into this court, and after the defendant had been required by the writ of *quo warranto* to admit, or deny, or avoid the specific allegations of the record as made October 14, 1876. The order of the district court was therefore in fraud of the proceedings pending in this court.

Neither is the case of the defendant made out with the aid of the *nunc pro tunc* order, because the record is still deficient in that there is no admissible proof of the defendant's residence, or declaration under oath that it "is *bona fide* his intention to become a citizen of the United States," or that it is *bona fide* his intention to renounce allegiance to any foreign state. The declaration should have been of a present as well as of a past intention, in order to satisfy the requirements of the statute, and invest the defendant with the rights of citizenship. Section 2165, sub. 1. Moreover, the evidence of the defendant established the fact that the original entry was different from the present record, and that the allegation therein that the court rendered a judgment was false.

*Wm. Lochren* and *Morris Lamprey*, for defendant.

The determination of a court of competent jurisdiction, granting the application of an alien to become a citizen, is a judgment of the court, and like every other judgment is complete evidence of its own validity. *Spratt* v. *Spratt*, 4 Pet. 393; *Campbell* v. *Gordon*, 6 Cranch, 176; *Stark* v. *Chesapeake Ins. Co.* 7 Cranch, 420; *Ritchie* v. *Putnam*, 13 Wend. 524; *Banks* v. *Walker* 3 Barb. Ch. 438; *McCarthy* v. *Marsh*, 5 N. Y. 263; *State* v. *Hœflinger*, 35 Wis. 393.

The record of the judgment, therefore, imported absolute verity, and could only have been attacked collaterally, either for want of jurisdiction of the subject-matter or of the person. But it is conceded that the court had jurisdiction of the subject-matter, and it is clear that it likewise had jurisdiction of the parties. The law does not contemplate any special appearance upon the part of the government. The interests of the latter, in this behalf, are committed to the courts. The

presence of the applicant conferred jurisdiction upon the court. The applicant is, strictly speaking, the only party to this proceeding. The defendant admits here the jurisdiction of the court, and no other person can question it. This judgment is the judgment of a domestic court, and is conclusive as to the question of jurisdiction, between the same parties, in a collateral action. *De Quindic* v. *Williams,* 31 Ind. 444; *Finneran* v. *Leonard,* 7 Allen, 54; *Hendrick* v. *Whittemore,* 105 Mass. 23; *Farr* v. *Lund,* 37 Vt. 156; Freem. on Judg. 133–134. In *Vaux* v. *Nesbitt,* it seems to have been erroneously held that a judgment of naturalization could be attacked collaterally by evidence *aliunde,* but this decision was afterwards repudiated, (see note of reporter, p. 360, and 5 N. Y. 281, 284,) and is placed by Bigelow in his list of overruled cases.

If it was essential the record has been strengthened by the amendment of the same *nunc pro tunc.* It was thereby recognized by the court as the record of a valid judgment. The amendment itself was proper, and lay within the discretion of the court. *Hunt* v. *Grant,* 19 Wend. 90; *Seaman* v. *Drake,* 1 Cal. 9; *Close* v. *Gillespey,* 3 John. 526; *Chichester* v. *Cunde,* 3 Cow. 39; *Hart* v. *Reynolds,* Id. 42; *Mitchell* v. *Van Buren,* 27 N. Y. 300; *Ingram* v. *Robbins,* 33 N. Y. 409; *Goodall* v. *Damarest,* 2 Hilt. 534; *Rogers* v. *Mc Lean,* 34 N. Y. 536; *Van Wyck* v. *Havary,* 11 Ab. Pr. 473; *Mechanics' Bank* v. *Minthouse,* 19 John. 244: *Bank of Newburgh* v. *Seymour,* 14 John. 219; *Lee* v. *Curtis,* 17 John. 86; *Lansing* v. *Lansing,* 18 John. 502; *Fawcet* v. *Vary,* 59 N. Y. 597; *Cook* v. *Whipple,* 55 N. Y. 150; *Buckingham* v. *Dickinson,* 54 N. Y. 682. The oath which was taken and subscribed by the defendant was a sufficient declaration of intention to become a citizen. *Richards* v. *McDaniel,* 2 Nott & McCord, 351; *McDaniel* v. *Richards,* 1 McCord, 187.

BERRY, J. 1. "An alien may be admitted to become a citizen of the United States in the following manner and not otherwise:

"*First.* He shall declare on oath before a circuit or a district court of the United States, or a district or supreme court of the territories, or a court of record of any of the states having common law jurisdiction and a seal and clerk, two years at least prior to his admission, that it is *bona fide* his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state or sovereignty, and particularly by name to the prince, potentate, state or sovereignty of which the alien may be at the time a citizen or subject.

"*Second.* He shall, at the time of his application to be admitted, declare on oath, before some one of the courts above specified, that he will support the constitution of the United States, and that he absolutely and entirely renounces and abjures all allegiance and fidelity to every foreign prince, potentate, state or sovereignty, and particularly by name to the prince, potentate, state or sovereignty of which he was before a citizen or subject, which proceedings shall be recorded by the clerk of the court.

"*Third.* It shall be made to appear to the satisfaction of the court admitting such alien that he has resided within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of a good moral character, attached to the principles of the constitution of the United States, and well disposed to the good order and happiness of the same; but the oath of the applicant shall in no case be allowed to prove his residence."     U. S. Rev. St. § 2165.

"Any alien being under the age of twenty-one years, who has resided in the United States three years next preceding his arriving at that age, and who has continued to reside therein to the time he may make application to be admitted a citizen thereof, may, after he arrives at the age of twenty-one years, and after he has resided five years within the United States, including the three years of his minority, be admitted

a citizen of the United States, without having made the declaration required in the first condition of section 2165; but such alien shall make the declaration required therein at the time of his admission, and shall further declare on oath, and prove to the satisfaction of the court, that, for two years next preceding, it has been his *bona fide* intention to become a citizen of the United States; and he shall in all other respects comply with the laws in regard to naturalization." U. S. Rev. St. § 2167.

It seems to have been assumed by the counsel on both sides, in this case, that when an application to be admitted to citizenship is made under section 2167, it is necessary at the time of admission to make the declaration required by the first condition of section 2165. But we do not so read the statute. One interpretation of it is that, when the application is made under section 2167, it is not necessary to have made or to make the declaration required in the first condition of section 2165 at all; but it is necessary to make the declaration required therein (*i. e.*, in section 2165) at the time of admission. By this is meant the declaration required by section 2165 to be made at the time of admission—*i. e.*, the declaration required by the second condition of section 2165. This is not only a fair and natural sense of the language of section 2167, but a little reflection will show that it is its most reasonable sense; for, by the first condition of section 2165, the applicant is required, two years before his admission, to declare that it is *bona fide* his intention to become a citizen of the United States, while, by section 2167, he is required to declare that, for two years next preceding his application for admission, it has been his *bona fide* intention to become a citizen of the United States. The purpose of the two requirements would seem to be substantially the same—that is, to establish the existence, for two years, of an intention to become a citizen of the United States.

By the first, the applicant is required, two years before his admission, to declare an intention, which will be presumed,

in the absence of a contrary showing, to continue during the two years. By the second, he is required to declare that the intention has existed for two years. There would seem to be no good reason why both of these requirements should be insisted on in any one case. It might be urged against our interpretation of the statute that the first condition of section 2165 not only requires a declaration of an intention to become a citizen of the United States, but also an intention to renounce allegiance and fidelity to any foreign prince, etc., while no declaration of the existence of the latter intention for two years prior to the application is required by section 2167. But this will appear to be of very little importance when it is considered that, in the sense in which the word citizen is employed in the naturalization laws, a citizen of the United States is a person owing allegiance and fidelity to the United States alone, so that the intention to become a citizen of the United States necesssarily involves an intention to renounce any existing allegiance to any other power. As, in the views which we thus take of the law, it was not necessary for the defendant to make the declaration required by the first condition of section 2165, the relator's objection to the defendant's naturalization, for want of such declaration, must be overruled.

2. The record of the naturalization proceedings involved in this case was, upon a proper application and showing, amended *nunc pro tunc* by the district court, so as to correct an error of the clerk, and make the record conform to the truth. This was entirely competent, as remarked in *Berthold* v. *Fox*, 21 Minn. 51: "The district court, as a superior court with general jurisdiction, has full power, by the common law and by statute, to amend its records by correcting the clerical errors and misprisions of its clerk." That this amendment was made after the present proceeding was commenced, and during its pendency, certainly cannot be important.

3. All of the other objections urged by the relator to the validity and sufficiency of defendant's alleged naturalization,

appear to us to be disposed of by the fact that the record upon which defendant relies is a genuine record of the district court of Ramsey county, in due form, of what purport to be regular proceedings in naturalization in that court, resulting in a judgment which admits the defendant to become a citizen of the United States. Under the act of congress the court was competent to entertain proceedings for naturalization, and to render final judgment therein; that is to say, it possessed the necessary jurisdiction over the subject-matter. The record in question is the record of the proceedings of a domestic court of general jurisdiction, and, as the court had jurisdiction of the subject-matter of the proceedings, and as it affirmatively appears upon the face of the record that the court had jurisdiction of the person of the defendant, the record imports absolute verity, and therefore it cannot be impugned, nor the judgment contained in it questioned, in a collateral action. *Kipp* v. *Fullerton*, 4 Minn. 366, (473;) *Hotchkiss* v. *Cutting*, 14 Minn. 537; *Finneran* v. *Leonard*, 7 Allen, 54; *Coit* v. *Haven*, 30 Conn. 190. This principle is entirely applicable to proceedings in naturalization. *Spratt* v. *Spratt*, 4 Peters, 393; *McCarthy* v. *Marsh*, 5 N. Y. 263; *State* v. *Hæflinger*, 35 Wis. 393; *The People* v. *McGowan*, 77 Ill. 644. The judgment admitting the defendant to become a citizen of the United States is therefore conclusive in the present proceeding. It follows that the defendant is entitled to the office in controversy, to-wit, the office of district judge of the eighth judicial district of this state.

Judgment allowing his title to said office is accordingly ordered.