THE STATE ex rel. ACKERMAN, Respondent, vs. DAHL, Appellant.

*February 27 — March 16, 1886.*

QUO WARRANTO: PLEADING: SCHOOL DISTRICTS: OFFICIAL BONDS. *(1) Judicial notice: Existence of school district: Office of treasurer. (2) Averment of usurpation. (3) Vacancies in school board how filled: When "town" means "city." (4, 5) Refusal to approve bond: Vacancy: When bond filed after time limited.*

1. In an action to oust a person from the office of treasurer of a school district, the existence of the district may be alleged in general words, and the court will take judicial notice of the office without any averments showing how it was created.

2. In such action a complaint alleging generally that the defendant intruded into, usurped, and is exercising the functions of the office, is not demurrable, though if the defendant wishes to defend on the ground that he has not been guilty of such usurpation, he may, upon affidavit showing that fact, ask to have the complaint made more definite so as to apprise him of the specific acts of user of office relied upon.

3. Under sec. 433, R. S., when a vacancy in the board of a joint school district has not been filled by the board itself within ten days, if the school-house of the district is situated in a city, the city clerk may fill the vacancy by appointment. The *city*, in such case, is "the *town* in which the school-house is situated." Subd. 17, sec. 4971, R. S.

4. The wilful and unjust refusal of the officer required to approve the official bond of a person elected or appointed to an office, to give it his approval, cannot deprive such person of his office or create a vacancy therein.

5. If the failure of a person appointed to an office to file his official bond within the time prescribed was due to no neglect or default

The State ex rel. Ackerman vs. Dahl.

on his part (as where the officer required to approve such bond withheld his approval on the ground that the appointment was invalid), such appointee may, after judgment in his favor in an action to oust an usurper from the office, file his bond and do any other act necessary to entitle him to discharge the duties of the office. Sec. 3471, R. S.

APPEAL from the Circuit Court for *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action commenced on the part of the state, on the relation of the respondent, to oust the appellant from the office of treasurer of joint school district No. 3, composed of a part of the city of Waupun and of parts of the towns of Waupun, Alto, Trenton, and Chester, in the counties of Dodge and Fond du Lac.

The complaint alleges, in general terms, the existence of a joint school district composed as above stated, and that the officers of such district consist of a director, treasurer, and clerk. It then alleges that in the month of July, 1884, one F. F. Zimmerman was duly elected treasurer for said district for the term of three years; that he entered upon the duties of his office, and thereafter, and on the 6th of February, 1885, he resigned his office, and thereby the office of treasurer of said district became vacant; that afterwards, at the annual school district meeting held on July 6, 1885, the said *John N. Ackerman*, who was then a resident and elector within said district, was duly elected to said office of treasurer, by a majority of the voters thereof at said meeting, to fill said vacancy; that he did not file his bond, as required by law, within ten days after notice of his election, and so the office again became vacant, and continued to so remain vacant, no appointment having been made by the director and clerk of said district, until the 4th day of August, 1885, on which day the relator, the said *John N. Ackerman*, was appointed by the clerk of the city of Waupun,

in which said city the school-house of said district is situated, as treasurer of said district to fill said vacancy; and that, within ten days after said appointment, the relator executed his bond as such treasurer with sufficient sureties, in due form, and according to the provisions of law. A copy of the bond so executed, together with the affidavits of the sureties, justifying as to their responsibility as such sureties, is set out in the petition. It then alleges that he presented said bond to the director and clerk for their approval within said ten days; that said director approved the same, but the clerk refused to approve it or file the same in his office; and alleges generally that he accepted the office and in all respects qualified himself to assume the duties thereof.

The complaint then makes the following allegations: " That the above-named defendant, *Martin K. Dahl,* claiming to have been appointed by the town clerk of said town of Chester to fill the aforesaid vacancy created by the resignation of the said F. F. Zimmerman and the neglect of the said *John N. Ackerman* to file his bond first above mentioned, as such treasurer-elect, within the time required by law, and without any other. or any legal warrant, right, or grant whatever, intruded into and usurped said office, and still unlawfully holds and exercises the same. Wherefore the said *John N. Ackerman* demands judgment in this action: (1) That said *Martin K. Dahl,* the defendant in this action, is not entitled to said office, and that he be ousted therefrom; (2) that said *John N. Ackerman,* the relator and plaintiff herein, is entitled to said office, and to assume the execution of the duties of the same, on filing his bond, of which a copy is hereinbefore set forth, with the clerk of said school district; (3) that said plaintiff recover of said defendant his costs of this action."

To this complaint the defendant demurred, on the ground that it does not state facts sufficient to constitute a cause of

action. The demurrer was overruled, "with leave to the defendant to answer the same within three days, and, in default of such answer, that judgment be entered against the defendant, and in favor of the plaintiff, according to the demand in the complaint, unless further time is given; and that, in case the defendant shall so file and serve such answer, the issues as finally made shall stand for trial at the present term of this court." The order so made was duly excepted to by the defendant, and from such order he appealed to this court.

*J. A. Kelley*, for the appellant, contended, *inter alia*, that courts have heretofore taken judicial notice of such corporations only as are created by some public act or charter, and of those which form some political division of a state or country. 1 Greenl. Evi. 8, 9; 6 Hill, 475; *Hinckley v. Beckwith*, 23 Wis. 328; *Siegbert v. Stiles*, 39 id. 533; *Woodward v. C. & N. W. R. Co.* 21 id. 309; *Huey v. Van Wie*, 23 id. 613; *Smith v. Janesville*, 52 id. 680; *Janesville v. Mil. & Miss. R. Co.* 7 id. 484; *Terry v. Milwaukee*, 15 id. 490. This school district being one of the lowest forms of *quasi* corporations (1 Dillon on Mun. Corp. 96, sec. 10a, note), created and organized by the supervisors of the towns in which it is located, under a general law (sec. 415, R. S.), and having its corporate existence by force only of its public functions (*Stroud v. Stevens Point*, 37 Wis. 367), the court will not take judicial notice of its existence, and the pleader must allege the acts by which such corporation was created or organized. A mere allegation of corporate existance is insufficient. High on Ex. Leg. Rem. 486, sec. 662; *People ex rel. Hudson v. DeMill*, 15 Mich. 164; *Mink v. People*, 6 Ill. App. 127; *Lavalle v. People ex rel. Trottier*, 68 Ill. 253; *Smith v. Janesville*, 52 Wis. 680; *Pratt v. Lincoln Co.* 61 id. 62; 16 Ind. 456. The complaint must also show some *fact* or *act* of usurpation upon which the relator relies, so that the court may judge from the fact stated whether it

amounts to usurpation in law, and so that the defendant may know with what he is charged. See *Rex v. Ponsonby*, 1 Ves. Jr. 1; *King v. Whitwell*, 5 Term, 86; 4 East, 337; Buller's N. P. 211; 3 Bacon's Abr. 645; Willcocks on Corp. 462, pl. 254–256; Angell & A. on Corp. 468; *People ex rel. Taylor v. Thompson*, 16 Wend. 658–9; *U. S. ex rel. Boyd v. Lockwood*, 1 Pin. 364; *State v. West Wis. R. Co.* 34 Wis. 197; *Att'y Gen. v. Railroad Cos.* 35 id. 521; *People ex rel. Kelly v. Common Council*, 77 N. Y. 503–510; *People ex rel. Evans v. Callaghan*, 83 Ill. 128; *State ex rel. Att'y Gen. v. Messmore*, 14 Wis. 121; *Atchison, T. & S. F. R. Co. v. People ex rel. Att'y Gen.* 5 Col. 63; *Pratt v. Lincoln Co.* 61 Wis. 62; *Denner v. C., M. & St. P. R. Co.* 57 id. 218; *State v. Egerer*, 55 id. 527; *Warner v. Knox*, 50 id. 429. The following cases are cited to show the uniform practice of alleging some act of *user*, taking oath of office, filing bond, etc., to make out a *prima facie* case: *State ex rel. Newell v. Purdy*, 36 Wis. 213; *State ex rel. Hawes v. Pierce*, 35 id. 93; *State ex rel. Kickbush v. Hœflinger*, id. 393; *State ex rel. Holden v. Tierney*, 23 id. 430; *State ex rel. Lutfring v. Gœtze*, 22 id. 364; *State ex rel. Peacock v. Orvis*, 20 id. 235; *State ex rel. Finch v. Washburn*, 17 id. 658; *State ex rel. Off v. Smith*, 14 id. 497; *State ex rel. Hubbard v. Saxton*, 13 id. 168; *State ex rel. Knox v. Hadley*, 7 id. 700; *State ex rel. Haines v. Chosen Freeholders*, 1 Atl. Rep. 515; Van Santv. Pl. 315, form 75.

No reason being alleged why the clerk refused to approve the bond of the relator, it must be presumed that he did his duty in refusing. *Ely v. Cram*, 17 Wis. 537; *Tainter v. Lucas*, 29 id. 375; *State ex rel. Willis v. Prince*, 45 id. 610; *Sherwood Forest v. Benedict*, 48 id. 541. The approval of an official bond is a judicial, not a ministerial duty (52 Ala. 87), and this court would not disturb his ruling except for an abuse of discretion. *Hooe v. Lockwood*, 3 Pin. 42; *West v. State*, 1 Wis. 209; *State v. Lamont*, 2 id. 437; *Barnes v.*

*Merrick,* 6 id. 57; *Cohen v. Burr,* id. 200; *Van Valkenburgh v. Hoskins,* 7 id. 496; *Gillett v. Robbins,* 12 id. 319; *Zweig v. Horicon I. & M. Co.* 14 id. 356; *Matteson v. Curtis,* id. 436; *McPherson v. Rockwell,* 37 id. 159; *Churchill v. Welsh,* 47 id. 39.

The statute being mandatory as to the time of filing the bond, and declaring the office vacant if not so filed, the relator has no more title to the office than a mere stranger until reappointed. 1 Dillon on Mun. Corp. sec. 153; *State ex rel. Kempf v. Boal,* 46 Mo. 528.

For the respondent the cause was submitted on the brief of *F. Hamilton & Son.* They argued, among other things, that the facts stated in the complaint are sufficient to warrant a judgment excluding the defendant from office, as showing an unwarranted usurpation of the office and an unlawful user or exercise of the same. *Attorney General ex rel. Bashford v. Barstow,* 4 Wis. 584–5, 656, 790; *State ex rel. Wood v. Baker,* 38 id. 71; *State ex rel. Haswell v. Cram,* 16 id. 343; *People ex rel. Crane v. Ryder,* 12 N. Y. 433; *Eckhart v. People,* 83 id. 462; *People v. Richardson,* 4 Cow. 97, note; *People v. Pres. etc. of Niagara Bank,* 6 id. 196; *People ex rel. Benoit v. Miller,* 15 Mich. 354; *State ex rel. Jones v. Jenkins,* 46 Wis. 616. The complaint is substantially the same as that in form 698, 1 Abb. Pr. & Pl. 620, a demurrer to which was overruled in *People v. Conover,* 6 Abb. Pr. 220. In sec. 263, and secs. 471–2, R. S., the words " town clerk " must be held to mean " city clerk," whenever a portion of a joint district lies within a city. So, also, in sec. 488, R. S.

TAYLOR, J. Upon the hearing in this court the appellant assigns the following errors: (1) That the complaint is insufficient because it does not show that there is any such corporation as joint school district No. 3, etc., as set out in the complaint; (2) that the complaint does not state any

facts showing that the defendant is exercising the duties of the office of treasurer of said district; (3) that the complaint does not show that the relator is entitled to hold the office of treasurer of said district.

The first objection made to the complaint is clearly untenable. This is not a proceeding against the defendant for unlawfully using and exercising the functions of a corporation within this state, but for intruding himself into and exercising the duties of a public office of the state. The statutes of the state require school districts, whether joint or otherwise, to elect a director, clerk, and treasurer, and define their respective duties, as well as their terms of office; and there would seem to be no more reason for setting up facts showing the organization of a school district in such case than there would be in setting up the facts by which a town or county was brought into existence, when the action is against a person for usurping a town or county office, and we are unable to find any case in which it is held that the complaint must allege such facts.

The case of *People ex rel. Hudson v. DeMill*, 15 Mich. 164, cited by the learned counsel, is not in point. In that case the relator was calling upon the court to remove certain officers of a church corporation, whose election or appointment was not required by any general or special law of the state, but whose existence and right to act depended upon the acts of a corporation which the general laws of the state permitted to be organized. In such case the court were of the opinion that the facts showing the creation of such corporation should be alleged, and also the facts showing that, under the authority of such corporation, the persons sought to be ousted were in fact holding an office under such corporation. Chief Justice COOLEY, in his opinion, makes the distinction above stated. He says: " The information in a case like the present must therefore show that a corporation exists; for until that is shown it is not

made to appear that there is any office into which the defendants can intrude. The precedents in proceedings against public officers are not applicable in all particulars to the case before us, since those are cases where the courts must judicially take notice of the existence of the offices and no allegations are necessary to show how they are created." Again, he says: "We were referred upon the argument to several cases in which it has been held that, when the state calls upon one to show cause why he claims to exercise a corporate franchise or to possess a public office, the allegations of the attorney general may be of the most general character, while the defendant is required to set forth specifically and particularly the grounds of his claim, and the continued existence of his right. . . . We have no disposition to qualify these decisions in any way." He then distinguishes the case he is then considering from cases of the kind referred to.

In the case at bar this court must take judicial notice that there is such a public office as a treasurer of a school district, and in this proceeding it is unnecessary to show how the office was created. If any allegation of the existence of the school district be necessary in the complaint, it is sufficient to allege such existence in general words. This is in accordance with all the precedents we have been able to find.

It is further objected that the complaint does not show any official acts done by the defendant as treasurer of said school district; and that the general words that "he claims to have been appointed by the town clerk of the town of Chester to fill the vacancy in said office, and that, without any other or any legal warrant, right, or grant whatever, he has intruded into and usurped said office, and still unlawfully holds and exercises the same," are not sufficient to show that he is in fact exercising the duties of said office. It is not denied by the learned counsel for the appellant

that in the former proceeding by *quo warranto* these general allegations were sufficient to call for an answer on the part of the respondent to show by what right he claimed to hold the office, or to disclaim a right thereto. The object of the old writ was to compel the defendant to make his right to the office good, or else to be ousted therefrom; and the state by the writ charging in general language that he had intruded into, usurped, and exercised the functions of the office, was all that was required to compel an answer from the defendant. This court so held in the case of *State ex rel. Att'y Gen. v. Messmore*, 14 Wis. 115, 116. See *People ex rel. Smith v. Pease*, 30 Barb. 588. After an examination of the printed cases in *State ex rel. Lutfring v. Gœtze*, 22 Wis. 363; *State ex rel. Holden v. Tierney*, 23 Wis. 430; *State ex rel. Kickbush v. Hœflinger*, 35 Wis. 393; *State ex rel. Hawes v. Pierce*, 35 Wis. 93; and *State ex rel. Newell v. Purdy*, 36 Wis. 213, cited by the counsel for the appellant, and several others in this court,— I find that in nearly all the cases the charge as to the intrusion, usurpation, holding, and exercising the office on the part of the defendant is in the same general language as in the case at bar; and in none of these cases is there any intimation that the charge of usurpation was not sufficiently made. The only intimation to be found in our decisions that such a general allegation is not sufficient, in an action of this nature, is found in the remarks of Chief Justice Dixon in the case of *State ex rel. Att'y Gen. v. Messmore*, 14 Wis. 120; and in that case, though the objection was pointed out in an early stage of the proceedings, on a motion to dismiss the information and writ, it was not allowed to prevail, and the case was afterwards tried upon its merits, apparently without any amendment of the complaint.

We think the defendant, if he wishes to put his defense upon the ground that he has not in fact intruded into and exercised the duties of the office which he is charged with

having usurped and exercised, and the complaint makes the charge in the general form used in this complaint, should show that fact by affidavit, and ask to have the complaint made more definite and certain in regard to that matter, so that he may be notified of the specific acts of user of the office relied upon by the state to substantiate such charge of usurpation. If he does not put his defense on that ground, the allegations are amply sufficient to put him to show, by his answer, why he claims to exercise the duties of the office in question. We think the complaint quite sufficient to put the defendant upon his defense if he have any.

The only other question in the case is whether the relator has shown himself entitled to the office in case the defendant is not. The circuit court, in overruling the demurrer and directing judgment, has not only ousted the defendant, but has decided that the relator is entitled to hold the office. It may be a matter of doubt whether the respondent has such an interest in that part of the order for judgment in favor of the relator as entitles him to appeal from it. We shall not consider that question, however, as we have come to the conclusion that the complaint states facts which show that he was legally appointed to fill the vacancy, and that he has taken all the steps necessary to entitle him to retain said office.

The first question relating to his title is the legality of his appointment by the clerk of the city of Waupun. The section of the statute under which he claims his appointment is sec. 433, R. S. 1878. This section reads as follows: "The said board [meaning the school district board] shall have power to fill, by appointment, any vacancy that may occur in their own number, within ten days after such vacancy shall occur; and if such vacancy shall not be filled within ten days, as aforesaid, by said board, the town clerk shall fill such vacancy by appointment. In case a vacancy

shall occur in a joint school district, and shall not be filled by the district board, the clerk of the town in which the school-house is situated shall fill such vacancy. Any person appointed to fill a vacancy, upon being notified of such appointment, shall be deemed to have accepted the same unless he shall, within five days thereafter, file with the clerk. or director a written refusal to serve; and any person appointed to fill a vacancy shall hold the office until the annual meeting succeeding such appointment, at which the electors shall fill such vacancy for the unexpired term." Subd. 17, sec. 4971, reads as follows: "The word 'town' may be construed to include all cities, wards, or districts, unless such construction would be repugnant to the provisions of any act specially relating to the same."

There is no provision for filling a vacancy in the school board of a joint school district, when the school-house in such district is situate in a city, and when the board fails to fill the same within the ten days prescribed by the section quoted, unless the city clerk can make the appointment. There is no more reason for holding that the town clerk of the town of Chester should make the appointment than there is for saying that the town clerk of either of the other towns, a part of whose territory composes the joint district, should do so. A school-house standing in the city of Waupun is no more situate in the town of Chester than it is in the towns of Alto, Trenton, or the town of Waupun. A school-house situate in the city of Waupun cannot be said to be situate in either of the towns adjoining the city. The city is as essentially a separate municipality as either of the towns. Under the definition of the word "town" given in the statute above quoted, we think it clear that the city of Waupun, being a part of a joint school district, must be deemed a town so far as to enable the clerk of the city to perform the duties which a town clerk of one of the towns forming such district is directed to perform; and that the

school-house of the district being situated in the city, the city clerk is authorized to fill the vacancy by appointment. Upon this point the learned counsel for the appellant does not raise any contention in his printed brief. The following decisions of this court would seem to be conclusive of this question: *State ex rel. Wood v. Goldstucker*, 40 Wis. 124, 130; *State ex rel. Sherman v. Common Council of Milwaukee*, 20 Wis. 87, 90; *Kopmeier v. O'Neil*, 47 Wis. 593, 597; *State ex rel. School District v. Wolfrom*, 25 Wis. 468. The learned counsel for the respondent has pointed out in his brief several cases in the school laws where it would be necessary to construe the word "town" as meaning "city," when the city forms a part of a joint school district, in order to execute the law on the subject of joint districts.

It is urged that, because the clerk of the school district refused to approve and file the relator's bond, the relator is not the treasurer of said district, and that there is still a vacancy in such office. We do not think such construction should be given to the law: The person who has been elected or appointed to an office, and who does all that is required of him by law to entitle him to hold the office, cannot be deprived of such office by any wilful or unjust refusal of the person or officer who is required to approve his official bond to give it his approval. If such a rule is to prevail, then the officer whose approval of an official bond is required may, in any case, by such wilful and unjust refusal, create a vacancy in an office. We think the allegations of the complaint show that the clerk's refusal to approve the bond was not because it was not sufficient in the law, and the sureties ample, but for some other reason,— probably because he did not think he was properly appointed. Sec. 962, R. S., declares what shall create a vacancy in an office. Subd. 7 reads as follows: "The neglect or refusal of any officer elected or appointed, or re-elected or reappointed, to any office, to give or renew his official

bond, or to deposit the same in the manner and within the time prescribed by law," shall create a vacancy. Under this provision, when the officer has done all he can possibly do to comply with the law in this respect, it can hardly be said that he has neglected or refused to give and deposit his bond, when he has been prevented from so doing by an unlawful act or wilful refusal on the part of some other officer to perform a duty imposed upon him in regard to such official bond.

The supreme court of Michigan, under a law substantially like ours, held that when a person had been in fact elected to an office, but the board of canvassers gave the certificate of election to his competitor, he could maintain an action to oust the claimant holding under the certificate of election, and, after judgment in his favor, could then take the oath of office, and give the bond required by law; and that his failure to do so up to that time did not create a vacancy in the office. *People ex rel. Finnegan v. Mayworm*, 5 Mich. 146. In the opinion in that case, after reciting the law which requires an officer elected or appointed to take the oath of office and file his bond within a limited time after his election or appointment, and also the section declaring that the omission to do so shall make a vacancy in the office, substantially as our statute declares, the court say: "Without expressing an opinion upon the effect of an omission in other cases, we think the directions as to time are not fairly applicable to a person to whom the election board refuses the certificate, but can only apply to persons declared elected by the board. . . . It would be a very harsh rule to apply the legal disabilities to a person who cannot, by reason of the default of the inspectors, secure his right."

So, in this case, the relator not being in any default, may, after judgment has been rendered in his favor, and under the provisions of sec. 3471, R. S., file his official bond, and do any other act necessary to entitle him to discharge the

duties of his office.   In all the cases decided by this court in which it has been held that the neglect to execute and file the official bond required by law, within the time fixed by the statute, created a vacancy in the office, the omission was by the neglect or default of the officer elected or appointed, and did not occur through the default of some other person who wrongfully prevented the filing of the same within the time prescribed by law.

*By the Court.*— The judgment of the circuit court is affirmed.

