# January Term 1919.

## No. 8502.

### LOCKHARD, ET AL. *v.* THE PEOPLE.

1. PARTIES—*Stipulations—Effect.* The parties to a litigation are not to stipulate away the rights of others having an interest in the matter in controversy.
2. APPEAL AND ERROR—*Substitution of Parties.* The parties to a writ of error having stipulated that the writ should be discontinued, a third party interested in the controversy, was, upon its petition substituted.
3. IRRIGATION DISTRICTS—*Usurpation of the Franchise,* is a public wrong which may be corrected by *quo warranto.*
4. QUO WARRANTO—*Pleading.* The complaint may be general in terms charging acts which show an intrusion into, or an usurpation of, an office or franchise.

The defendant is then called upon to show his right. There is no reason why the allegations of the complaint should be more specific than at Common Law.

*Error to the Court of Appeals.*

*En banc.*

Mr. J. W. DOLLISON, Mr. L. E. KENWORTHY, for plaintiffs in error.

Mr. C. W. DARROW, Mr. JOHN H. VOORHEES, for George Weisbrod.

Mr. E. M. SABIN, Mr. FRANK MCLAUGHLIN, FRANK EXLINE, for The Farmers Life Insurance Co.

Opinion by Mr. Justice Teller.

THIS cause is before us on error to the Court of Appeals, which reversed a judgment of the District Court dismissing the action at the cost of the relator Weisbrod.

The relator instituted a proceeding under chapter 28,

Code of Civ. Proc., R. S. 1908, to test the right of defendants,—the plaintiffs in error,—to exercise the franchise of an irrigation district, of which they claimed to be officers. A demurrer to the complaint was sustained, and, the relator electing to stand on his complaint, a judgment of dismissal was entered.

This judgment was reversed by the Court of Appeals, and the cause was then brought here for review. While it was pending in this court, the plaintiffs in error and the relator stipulated that the judgment of the Court of Appeals might be reversed and the judgment of the District Court affirmed.

Thereupon The Farmers Life Insurance Company filed its petition in this court setting up that it was the owner of a large body of land within the said irrigation district; and that it was interested in the determination of the case, as was the public also. The petitioner prayed that it be substituted for Weisbrod, as relator, and this court by its order made such substitution.

The Court of Appeals having found that the allegation of the petition that the question presented was one concerning a public matter was true, the relator did not have an absolute right to control the action; and, it appearing that others had depended on his action as a relator to test the validity of the organization in question, he could not be allowed, after his contention had been sustained by said court, to stipulate away the rights of said other persons. The cause should, therefore, be determined by this court.

The allegations of the complaint are set forth sufficiently in the opinion of the Court of Appeals.  26 Colo. App. 439, 143 Pac. 273.

The trial court held that the action sought only to redress a private wrong, and could not, therefore, be maintained.

We agree with the Court of Appeals that, while the relief sought would redress the individual wrong of the relator, it involved also a matter of public interest. Irrigation

districts are public corporations, and the usurpation of such a corporate franchise is unquestionably a public wrong.

Plaintiffs in error point out that there are other grounds upon which the demurrer might have been sustained, and contend that the complaint was not sufficiently explicit as to the defects alleged to exist in the procedure organizing the district.

In support of this position, they cite *C. & G. Road Co. v. People,* 5 Colo. 39, and *Manning v. Haas,* Ibid, 37.

The latter case has no reference to pleading in *quo warranto,* and the former is not authority since it merely suggests, but declines to hold that the old forms of pleading are insufficient under the Code. This suggestion is based upon a dictum in *State v. Messmore,* 14 Wis. 120, which was ignored in a series of cases in Wisconsin, and finally disapproved in *State v. Dahl,* 65 Wis. 510, 27 N. W. 343, where the old form was held sufficient.

That the complaint may be general in its terms, alleging facts showing capacity to institute the action, and directly charging acts which show an intrusion into or the usurpation of an office or franchise, will appear from a consideration of the function of a complaint in such an action.

The rule is that the State has no burden to assume in the first instance. The complaint or information is a challenge to the defendant to show by what right he is exercising a franchise or holding office, as the case may be. When the defendant has answered, the State, by replication, puts in issue such matters as are necessary to be determined. *State v. Raisen River Ry. Co.,* 12 Mich. 389, 86 Am. Dec. 64.

In *People v. Reclamation District,* 121 Cal. 522, 50 Pac. 1068, 53 Pac. 1085, objection was made that the complaint did not allege the acts which constituted usurpation. The objection was held not well taken, the court holding that the ultimate fact to be alleged was that defendants were exercising a franchise without right thereto. In *People v. Canal Co.,* 23 Ohio St. 123, the court said:

"The office of an information in the nature of *quo warranto* is not to tender an issue of fact, but simply to call upon the defendant to show its warrant or charter for exercising the privileges or franchises named."

In *Lyons & E. P. Toll Road Co. v. People,* 29 Colo. 434, 68 Pac. 275, this court said that the duty is upon defendant to disclose his title to the franchise, "and if in any particular he fails to show a complete title, judgment must go against him."

The purpose and effect of the information or complaint being thus understood, there is no reason why the allegations should be more specific and detailed than was required at common law; and thus we find the rule to be in numerous decisions in code states. *State v. Berkley,* 140 Mo. 184, 41 S. W. 732; *State v. Dahl,* 65 Wis. 510, 27 N. W. 343; *State v. Stephens,* 29 Ore. 464, 44 Pac. 898; *People v. Canal Co.,* 23 Ohio St. 123; *People v. Reclamation District,* 121 Cal. 522, 50 Pac. 1068; *People v. Knox,* 38 Hun. 236, and *People v. Clay,* 4 Utah 431, 11 Pac. 206. See also cases cited in 15 Cyc. of Forms, p. 238, note.

The complaint in this case fully met the requirements stated in these decisions, and the sustaining of the demurrer was error.

The judgment of the Court of Appeals is affirmed, and the cause remanded to the District Court for further proceedings in harmony with the views herein expressed.