No. 9992.

LOCKARD, ET AL. *v.* THE PEOPLE, EX REL.

· Decided March 6, 1922.   Rehearing denied April 3, 1922.  ·

Quo warranto proceeding to test the validity of the organization of an irrigation district. Demurrer to answer sustained.

*Reversed.*

1.  PLEADING—*Quo Warranto—Answer.*  Allegations of an answer in an action to test the validity of the organization of an irrigation district reviewed, and held to state a defense.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. JOHN R. SMITH, Mr. L. E. KENWORTHY, for plaintiffs in error.

Mr. J. G. SCHWEIGERT, Mr. H. A. HICKS, Mr. JOHN L. SCHWEIGERT, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS action was an information in the nature of *quo warranto* to try the validity of the organization of the Divide Irrigation District in Garfield county. Respondents demurred, their demurrer was sustained, the case was reversed by the Court of Appeals, and that decision was affirmed by this court. *Lockard et al. v. People,* 65 Colo. 558,

178 Pac. 565. The respondents then answered, setting up the proceedings for the organization of the district. A demurrer to this answer was sustained, and the case is here upon the question whether that decision was right.

Rev. Stats. 1908, § 3441, requires the publication of a petition to the county commissioners, "together with a notice signed by the committee of said petitioners selected by the petition for that purpose, giving the time and place of the presentation of the same to said board of county commissioners."

First. It is claimed that the notice was insufficient because the petition appointed no committee for the purpose of *giving the notice,* but only "to publish this petition and present the same to the board of county commissioners."

We think it must be inferred that the committee was selected to give the notice since the notice and petition are rquired to be published together. It is unreasonable to suppose they were authorized to make an insufficient publication, but rather to do all things necessary to make it complete.

Second. It is said that the notice is addressed to no one and from its terms, there being no description of any property, no person could be advised as to whether or not his property rights in lands were affected. But the notice was published in connection with the petition which described the lands fully.

Third. It is said the notice does not purport to be given by any committee authorized to give notice or to publish it. The notice does purport to be given by a committee duly authorized to give it and publish it.

Fourth. It is said that the notice is not signed by its signers in any official capacity as a committee or at all. Such is not the case. It says that "The undersigned as the committee duly authorized will present" etc. This shows the capacity in which the signers were acting, and it is not material in what part of the notice this appears.

Fifth. It is said the petition was published separately from the notice and should have been published with it,

and that the notice shows this on its face.   It is true that the notice is capable of that construction.   It states that the petition is "now being published in full in this paper * * * separately from this notice, and to which reference is hereby made."   This statement, however, may be construed to mean that the petition and notice were separate instruments and not that they were published in separate parts of the paper.   The answer itself says that the petition was published "in connection with" the notice.   This is a statement of fact with which the notice construed as above agrees and we ought therefore so to construe it.

Our conclusion is that the answer was good and that the demurrer should have been overruled.

Judgment reversed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.