[No. 4247.]

## The Lyons and Estes Park Toll Road Co. v. The People ex rel. Sprague.

### 1. Franchises—Quo Warranto—Burden of Proof.

In *quo warranto* proceedings to determine the right to a franchise, the burden is on the defendant to prove his title to the alleged franchise, and if he fails to show a complete title judgment must go against him.

### 2. Same—Evidence—Deeds.

In a *quo warranto* proceeding to determine the right of defendant to collect toll from persons traveling upon a road, where defendant claimed to have purchased part of the road from other and former toll road companies, deeds of conveyance purporting to convey to defendant all the rights, property and franchises of such former companies which were not executed under the corporate seals and were not acknowledged by the corporations as the law requires, but were signed and acknowledged only by individuals representing themselves as officers of the corporations were properly excluded from the evidence in the absence of proof of the authority of the individual officers to act for the corporations in making the deeds.

### 3. Evidence—Surprise.

Where a corporation deed offered in evidence was rejected on the ground that it was not executed under the corporate seal and acknowledged as required by law, and because the authority of the corporate officers who executed the deed to act for the corporation was not shown, the party offering the deed cannot claim surprise because in a similar action between the same parties, involving similar issues, the deed was admitted in evidence by the same court, where in the former action there was no issue in the pleading denying the execution of the deed or the authority of the officers executing it, while in the case at bar there was such issue.

4. Same—Discretion of Court—Appellate Practice.

Where a party asked for a continuance on the ground of surprise at the ruling of the court rejecting evidence offered, but did not allege such surprise by affidavit as the code requires and did not except to the ruling of the court denying the continuance he cannot be heard on appeal to say that the court abused its discretion in the premises.

5. Franchises—Toll Roads.

Where a toll road company located a considerable part of its road upon and along a previously existing toll road which at the time had been abandoned by the former toll road company for a period of more than fourteen months and which had been repaired and traveled by persons living in the vicinity, the location was in violation of law (Mills Ann. Stat. Sec. 563) and the company thereby forfeited its franchise and right to collect tolls from persons traveling upon such road.

*Appeal from the District Court of Boulder County.*

Mr. L. P. McGuire and Mr. S. S. Downer for appellants.

Mr. A. C. Patton, Mr. George Stidger and Mr. John A. Rush for appellee.

Chief Justice Campbell delivered the opinion of the court.

This action, in the nature of *quo warranto* by the people of the state of Colorado on the relation of Abner E. Sprague, is prosecuted by the district attorney of the eighth judicial district to inquire by what right the defendant (appellant here) assumes to collect toll from the public for traveling upon a road in Boulder and Larimer counties in this state. The answer of defendant exhibits as its authority therefor a franchise which purports to be a grant from the state of Colorado to construct, buy and operate a toll road and collect tolls from persons traveling thereon. And since defendant has built a part, and

bought a part, of this toll road, its right, counsel say to collect toll has become vested.

There was a replication putting in issue the material averments of the answer. The trial was by the court without a jury, the result of which was a judgment forfeiting the alleged franchise of the defendant, and ousting it therefrom. The case is here by appe '.

It thus appears that the controversy is one between the state in its sovereign capacity and the defendant. In *quo warranto* the form of the issue as between the state and the respondent is not like that in ordinary civil proceedings. In the latter the burden rests upon the plaintiff to allege and prove his title to the thing in controversy; whereas the rule is reversed in cases of *quo warranto*, and the respondent, or defendant, is required to disclose his title to the alleged franchise, and if in any particular he fails to show a complete title, judgment must go against him.

High's Ex. Legal Rems. (3d ed.), § 712; 17 Enc. Pl. & Pr., 467, 481.

There is some evidence brought up in the record which is not relevant to the vital issue in the case. A summary of what we consider germane will fully elucidate the questions to be decided.

Beginning in the year 1874 and up to the time this action was brought in May, 1899, five different corporations were organized under the laws of the territory and state for the purpose of constructing and operating a toll road between the town of Longmont in Boulder county and Estes Park in Larimer county, Colorado, a total distance of about sixteen miles The first one was in 1874, the second in 1875, the third in 1879, the fourth in 1885, and the fifth, the defendant The Lyons and Estes Park Toll Road

Company, in 1895. We may omit from consideration the first company, for it appears to be "a paper company only." The 1875 company constructed a portion of the road described in its certificate; the one organized in 1879 a portion of its route; the 1885 company a part of its line; and the defendant about four and a half miles out of a total length of sixteen miles. The stockholders of all these corporations are substantially the same; the route mentioned in their different certificates of incorporation is practically the same; and the termini are identical.

Toll was first exacted in 1875, and collections continued down to the time of the bringing of this action. The rights of none of the earlier corporations are involved in this controversy except incidentally, and it is only as to the alleged franchise of the defendant that we are called upon to pass. Of the road, for traveling on which defendant demands toll, about four and one-half miles were constructed by it, and the rest of the mileage it alleges it purchased from one or more of the earlier companies.

The parties differ as to whether a corporation organized under section 563 Mills Ann. Stat. for the purpose of constructing a wagon road has, even though such authority be claimed in its certificate of incorporation, the right to acquire a wagon road by purchase and in connection therewith the franchise to levy tolls. This question we need not determine; for assuming, as we safely may for the purposes of this opinion, but not so holding, that the defendant company under its charter, which assumes both the power to construct and to buy, possesses both of them, still the judgment below may be sustained upon the evidence as disclosed by the record.

There is a proviso to the section just cited as follows:

"That nothing in this act shall be so construed as to authorize any corporation, formed under the provisions of this act, to locate their road, railroad, ditch or flume, or any part thereof, upon any toll road previously existing, nor upon any public highway heretofore and at the time of the organization of such corporation used and traveled as such, except as it may be necessary to cross such toll road or public highway."

It is the contention of the appellant (defendant below) that of the road which the 1875, 1879 and 1885 corporations were respectively authorized to build, only a portion thereof was constructed by each, and that toll was collected only upon such part as was actually completed by the company constructing the same. Whether either of these companies had the right to collect toll at all, because of the failure to complete the entire length of road for which it got its franchise, might be an important question; but if we should, for our present purpose, concede that all of them had the power to collect toll, and that the defendant company by purchase might have acquired whatever rights they had, nevertheless defendant is not in a position to assert those rights, as we now proceed to show.

At the trial the defendant offered a deed of conveyance to it from these three corporations of all the rights, properties and franchises which they possessed in and to the respective toll roads owned and operated by them, but the court refused to admit it in evidence. There was no acknowledgment thereof as the deed of the corporation, but only by the individuals representing themselves as its officers. There is no seal attached. The general rule in this state is

that the proper way for a corporation to convey its real estate is by deed signed by the proper officers and under its corporate seal. When thus signed and attested authority for its execution is presumed, but in the absence of the corporate seal there is no such presumption. The defendant was not prepared at the trial to make proof, aside from what was shown upon the face of this deed, of the authority of the respective officers to act for their corporations in making the instrument. When the court refused to admit it in evidence defendant asked for a continuance to secure the deposition of the secretary of these three companies, who then lived in Chicago, by whom, it claimed the proper authority would be shown. The court declined to grant the continuance. The defendant now claims surprise and asserts that the court abused its discretion.

Its first position is that the state cannot make this objection. This is not tenable. The duty of defendant is to exhibit its authority. If that authority is derived in part from a deed, that instrument must lawfully confer it.

Its principal contention, however, is that, in another action against this defendant by the relator involving similar issues, the same court admitted the deed in evidence and that defendant's counsel were therefore taken by surprise when it was excluded upon the final hearing herein. The record does not bear out this contention. It shows that the deed was not admitted in evidence in the other cause; and even if it was, at that time the hearing was upon an application for a temporary writ of injunction, and there was no issue in the pleadings denying the execution of the deed or the authority of the officers to make it, while here there is such denial. Furthermore, the

defendant did not by affidavit, as the code requires, allege surprise. It did not except to the ruling of the court denying the continuance, and it cannot now be heard to say that the court abused its discretion in the premises.

But even if the deed was in evidence, a different judgment ought not to have been given. Under the proviso above quoted it is clear that defendant might not locate its road, or any part thereof, upon any toll road previously existing, or upon any public highway heretofore and at the time of the organization of such company used and traveled as such, except as it might be necessary to cross such road or highway. There was evidence tending to show, and the court below must have so found, that in locating its road defendant occupied considerable portions of a previously existing toll road or public highway which at the time of defendant's organization was used and traveled as such. Indeed, according to the evidence of defendant's own witnesses, the only part of the road which it constructed was along and over a toll road constructed by one or more of its alleged grantors, and which had been abandoned and not used by any of them for a period of more than fourteen months. If so, it became a public highway. This part of the previous road had been washed out by a storm in 1894, and the company or companies owning it concluded not to rebuild as the investment would not be profitable. This, of itself, might, in a proper proceeding, be sufficient to work a forfeiture of the right to collect tolls by the company so refusing to repair. However that may be, and we do not decide it, the evidence tended to show that this portion of the road which defendant now claims the right to operate as a toll road was, before it located its road

thereon, repaired by persons living in the vicinity who were obliged to, and did, travel the same. So that defendant company attempted to locate and construct part of its road either upon a previously existing toll road—but if these roads of the previously existing companies were only "paper roads," then upon a highway which, at the time of defendant's organization, was used and traveled as such; and as to other parts of the road similar unlawful locations were made. In either case defendant's violation of the law precludes it from collecting tolls and works a forfeiture of its franchise.

In this discussion we have assumed the findings of the trial court to have established the facts to be as stated; and we have done so because there was evidence tending to support them, and such finding, in the light of disputed testimony, is conclusive upon us. We have purposely avoided comment upon much of the testimony concerning the ill feeling existing between some of the defendant's, officers and the people who were obliged to travel this road. That evidence is wholly foreign to the issues of the case, and comment upon it would be neither useful nor appropriate. It is not our purpose to determine the expediency of this complaint or the moral character of relator. Our duty is to decide the controversy in accordance with the law and the facts.

Lest by our silence we might seem to recognize the soundness of defendant's argument that the case of *The Toll Road v. The Peoople,* 22 Colo. 429, is authority for its respective contentions here, we may say that there is nothing in that decision which upholds its present position under the facts of this case. We might, for our present purpose, as we did there, assume, and we have done so, that the secondary fran-

chise of the former companies to collect tolls is the subject of sale; but not only has the purchase thereof by defendant not been shown, but if it had been, de-fefendant has violated the restrictions of the proviso of the statute with reference to the location of its road. Considering the fact that the burden of proof rests upon the defendant by satisfactory evidence to show its right to exercise the franchise claimed; and the court below upon testimony which, to say the least, was conflicting, has found against defendant upon this issue, we cannot, under the established practice in this court, reverse its finding. Its judgment should therefore be affirmed, which is accordingly done.

*Affirmed.*