## No. 12,998.

PEOPLE EX REL. LAMB *v.* SHAFFER ET AL.

(9 P. [2d] 612)

Decided March 14, 1932.

Mr. ERWIN L. REGENNITTER, for plaintiff in error.

Mr. JAMES N. SABIN, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to by name.

Lamb brought this action, in the nature of quo warranto, under sections 321 to 330, p. 162, C. L. 1921, to have his rights, and those of Shaffer and Rouse, to the office of members of the board of directors of the public

library of Idaho Springs, adjudicated. The court held all of them without title. To review that judgment as to him, Lamb prosecutes this writ, and Shaffer and Rouse assign cross errors.

1. Idaho Springs established a public library as authorized by section 8547, p. 2188, C. L. 1921. Such an institution is governed by a board of directors whose election, term and removal are provided for by the three succeeding sections.

"The mayor of such city shall, with the approval of the city council or board of trustees proceed to appoint six persons from the citizens at large with reference to their fitness for the duties to be performed, who, with the mayor, (who shall be president,) shall constitute a board of directors for the same, and not more than one member of the city council shall be at any one time a member of such board." Id. §8548.

"Said directors so appointed by the mayor shall hold office one half for one year, and one half for two years from the 1st of July following their appointment, and at their first regular meeting they shall cast lots for the respective terms, and annually thereafter and before the 1st day of July of each year, the members of said board, whose terms of office shall not expire on said 1st day of July, shall elect three (3) directors for the ensuing two years to take the place of the retiring directors. All vacancies, except that of president, arising from any cause shall be filled by election by the remaining members of the board." Id. §8549.

"No member of said board shall receive any compensation as such and any member may be removed by his associates for misconduct or neglect of duty." Id. §8550.

The foregoing are sections 1, 2, 3 and 4 of chapter 152, p. 414, S. L. 1899.

In 1929, Leebrick, Shaffer and Rouse were elected to hold until 1931, and in 1930 Underhill, Spessard and Rice were elected to hold until 1932. March 5, 1931, Leebrick resigned.

June 12, 1931, the board met to elect successors to Lee-brick, Shaffer and Rouse. The mayor and Spessard voted for Shaffer and Rouse. Rice and Underhill voted for Lamb, and two others not here involved. Shaffer and Rouse did not vote.

Lamb says the mayor was not entitled to vote hence he had a majority and was elected. Shaffer and Rouse say the mayor was entitled to vote, hence there was a tie, Lamb was not elected, and they are entitled to hold over until their successors are elected.

Arguments from convenience and necessity and by analogy are presented in support of the respective positions of these litigants, and rules of construction and decisions of courts of last resort invoked. Among them are: 36 Cyc. 1118, 1128; *Long v. Culp,* 14 Kan. 412, 414; *Lowndes v. Huntington,* 153 U. S. 1, 22, 14 Sup. Ct. 758.

■ The question presented seems to us clearly settled by the statute itself, hence we find no necessity for the offered aids. The act specifically provides that the six persons appointed "with the mayor, (who shall be president,) shall constitute a board of directors." The mayor then is a member of the board. As such he must be clothed with all the powers of a member not specifically reserved. "The members of said board, whose terms of office shall not expire on said 1st day of July, shall elect three (3) directors," etc. The mayor's term does not expire on the 1st day of July. That fact is not detracted from by the further fact that his term does not expire at all. Being such a member, nothing is clearer than his authority to vote for successors to those whose terms do expire. In case of a vacancy in any membership save his own, "arising from any cause," the vacancy "shall be filled by election by the remaining members of the board." No exemption of the mayor is even hinted at.

The provision of said section 8550, "any member may be removed by his associates for misconduct or neglect of duty," is cited in support of the claim that "members

of said board,'' in section 8549, must mean ''elective members of said board,'' because, it is urged, the president, holding his office by virtue of being the mayor of the city, could not be ''removed by his associates.'' If that be true ''the remaining members of the board,'' in the last line of section 8549, should read, ''the remaining elective members of the board.''

We think best to decide this contention on the plain meaning of the language employed in said sections 8548 and 8549, and leave the interpretation of 8550 to await future litigation over the removal of members. Considering the instant case it does not seem futile to hope that such litigation will eventuate.

2. Shaffer and Rouse rest their right to hold over on section 1 article XII of our Constitution which reads: ''Every person holding any civil office under the state or any municipality therein, shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified; but this shall not apply * * * to members of any board * * * two or more of whom are elected at the same time.'' It is said this library board is ''not such a board as is contemplated by this restriction.'' Of course if it is not, then its members are not persons ''holding any civil office under the state or any municipality therein.'' If they are not included, they do not hold over, and if included they are certainly excepted. Exceptions are absurd if the thing excepted would not otherwise fall within the general class. We do not say, ''all white horses except black ones.'' This constitutional language is clear and definite as human language can be. Attempts to construe it result only in intellectual contortions.

The judgment is affirmed.