## No. 15,681.

PEOPLE EX REL. DICK *v*. MOSCO.
(167 P. [2d] 949)

Decided February 4, 1946.    Rehearing denied April 8, 1946.

Mr. Angelo F. Mosco, Mr. Sam T. Taylor, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties occupy the same relative position here as in the trial court. For convenience we refer to them as Dick and Mosco, respectively.

At the April 3, 1945 municipal election the parties were opposing candidates for mayor of Walsenburg, a city of the second class. The city canvassing board found (and it is admitted) that each received 626 votes and so reported to the retiring city council meeting to receive returns. At its suggestion and in its presence, the canvassing board cast lots to resolve the tie and Dick was successful. Whereupon the old council adjourned and the new organized. Pursuant to a resolution duly adopted by the latter declaring a vacancy in the office Mosco was selected to fill that vacancy. He thereupon entered into and has continued to execute the office. April 27, 1945 Dick brought this action demanding that Mosco be ousted and himself installed. Mosco by answer admitted all material statements of fact, denied all legal conclusions, alleged that the complaint failed to state a cause of action and prayed that he be declared the lawful mayor. Upon the trial judgment was entered for Mosco. To review that judgment Dick prosecutes this writ, asks that it be made a supersedeas and that final decision be rendered on this application. We have elected to so dispose of the cause.

The sixteen specifications may be disregarded since counsel for Dick properly says that the two errors relied upon (and covered by the specifications) are the refusal of the court to pass upon Dick's title, and its

refusal to determine the legality of the lot as the lawful method of resolving tie votes in municipal elections.

The only "evidence" offered on the trial was the following stipulation entered in open court. "It is hereby stipulated and agreed, that the city canvassing board, following the election of April, 1945, met to canvass the votes for mayor, among other offices, at the city election held in Walsenburg in April, 1945. And in canvassing the returns, the canvass showed there was a tie vote for the office of mayor, between the relator, James B. Dick, and the respondent, Joe Mosco, Jr., and the canvassing board determined the tie by casting a lot, and that the relator, James B. Dick, was selected by the city canvassing board in that manner, as the mayor."

In an eight page "Opinion and Judgment" the trial court ignored the two questions above mentioned. It held that the old city council did not hold over; that it "assumed and exercised the functions of the canvassing board and that the city clerk and the justice of the peace were merely spectators of the proceedings except in one instance where it was provided in the resolution [adopted by the old city council] that they should determine the tie by lot, in the manner and by the mode prescribed by the council, and therefore, were only acting as its agents in determining the tie;" that Dick had not taken the required oath; that Dick was obliged to recover on the strength of his own title; that no certificate of election was issued to Dick; and, inferentially, that because of the foregoing Dick was not qualified to prosecute this action.

All these findings are either wholly immaterial or contrary to the pleadings and the foregoing stipulations.

This being an action in the nature of quo warranto the primary question was the validity of Mosco's title. *People ex rel. Barton v. Londoner,* 13 Colo. 303, 22 Pac. 764; *Lockhard v. People,* 65 Colo. 558, 178 Pac. 565; *Lyons and E. P. Toll Road Co. v. People,* 29 Colo. 434, 68 Pac. 275; 44 Am. Jur., p. 168, §107.

■ If the incumbent is without title he may be ousted although it may be determined that relator's position is no better.

■ Assuming that it was the duty of the city canvassing board to decide the tie by lot, it is unquestioned that their procedure was in all respects proper and devoid of fraud or favoritism. Such being the case, who advised that procedure, or supervised it, or stood by and observed it, is wholly immaterial.

■ It is likewise immaterial that Dick had or had not taken the required oath. Before he could do so it became self-evident that further procedure on his part would be futile and the law requires no such action. This was no condition precedent to trying title to the office. 51 C.J., p. 324, §21.

Each of the parties here bases his claim upon specific statutory provisions and each denies the applicability of those relied upon by the other. Which is correct is the simple question at issue in this case, the determination of which settles the litigation.

"In case of the mayor's death, disability, resignation or other vacation of his office, the city council shall order a special election as soon as practicable to fill the vacancy for the remainder of the term of office, and may appoint some qualified elector to act as mayor until such special election." '35 C.S.A., c. 163, §92.

Mosco says that the tie vote resulted in a vacancy to which vacancy he was selected by the council and is therefore rightfully in possession of the office. If there be no specific statute otherwise providing for the resolution of a tie he is correct. Dick says there is such provision and that the essential facts bringing this case within the purview thereof are covered by the stipulation.

"The returns of all municipal elections in cities and incorporated towns, shall be made to the clerk or recorder of the corporation, and shall be opened by him on the third day after election. He shall call to his as-

sistance * * * any justice of the peace of the county, and shall, in his presence, make out an abstract and *ascertain the candidates elected, in all respects as required by law for the canvass of the returns of county elections, * * *.*" '35 C.S.A., c. 163, §191.

"If any two or more persons have an equal number of votes for the same county or precinct office, and a higher number than any other person, the county clerk and his assistants aforesaid shall immediately determine by lot which of the two candidates shall be elected." '35 C.S.A., c. 59, §246, as amended by S.L. '41, p. 405, §18.

■ Such is the manner provided by statute for determining a tie in the election of county or precinct officers and this, says section 191, supra, is the method by which, in case of a tie, the city canvassing board shall "ascertain the candidate elected." Thus, says Dick, his election was determined. We are forced to the conclusion that he is correct, not only because there are numerous statutes of this state, and decisions of this court, indicating, but not expressly declaring, that such is the proper procedure; because no authorities to the contrary are called to our attention or known to us; and because counsel for Mosco in his brief evades this question; but principally because the language of the two statutes appears applicable and lucid and no other construction is suggested or occurs to us.

The judgment is accordingly reversed and the case remanded with directions to enter judgment for Dick.

MR. CHIEF JUSTICE KNOUS and MR. JUSTICE HILLIARD dissent.

MR. CHIEF JUSTICE KNOUS dissenting.

In my opinion the judgment below should be affirmed.

Even if it be conceded, and Mr. Justice Hilliard thinks otherwise, and about which I am without conviction, that where an election for mayor in a city of the second

class, results in a tie, the municipal canvassing board created by section 191, chapter 163, '35 C.S.A., by the reference made therein, may determine the result by lot as provided by section 246, chapter 59, '35 C.S.A., (amended S.L. '41, p. 405, §18) relating to the canvass of elections for precinct or county offices, the record, nevertheless, demonstrates that herein there was no lawful canvass and that if a tie existed between the parties, it has not been determined which of the two candidates was elected as provided by either of the foregoing sections of the statutes, or at all. The trial court so found and held, and such appears affirmatively from the exhibits made a part of the complaint of Mr. Dick, whom the majority has adjudged the elected candidate. The correctness of these exhibits is conceded by Mr. Mosco's answer. Obviously, facts admitted by the pleadings must be accorded a probative effect at least equal to evidence introduced at the trial; hence, the stipulation with respect to the latter, quoted from in the majority opinion, cannot be considered as being either exclusive or conclusive within the factual area involved.

As pleaded by Mr. Dick, the "Abstract of the Votes," showing that each of the parties received 626 votes for mayor, contains the following certificate:

"We, the undersigned, Board of Canvassers of the Election Returns of an Election held in the City of Walsenburg, in the State of Colorado, on Tuesday, the third day of April A.D. 1945, for the election of a Mayor, City Clerk, a City Treasurer, two Aldermen from Wards numbered 1 - 2 - 3 - 4, for a term of two years do hereby certify that the above and foregoing is a true and correct abstract of the votes cast at said Election, as shown by the returns from the several voting precincts in said City of Walsenburg, Colorado. Witness our hands and seals this eleventh day of April, A. D. 1945.

Attest:                        Thomas M. Wilson, Clerk
    Thomas M. Wilson      Fred I. Barron, J. P.
        City Clerk.       Herman Mazzone, Mayor."

On its face, this certificate discloses that the purported board of canvassers was not constituted as required by section 191, supra, which governs the canvassing of the returns of municipal elections. That section, in addition to the portion thereof quoted in the majority opinion, provides that in making such canvass, the city clerk "shall call to his assistance the mayor of the corporation, or if there be no mayor, or the mayor shall have been a candidate at such election, then any justice of peace of the county." Although, it clearly appears therefrom that a municipal canvassing board shall consist of but *two* members, *three* participated in the canvass herein.

It is certain that Mr. Mazzone, who signs as mayor, was not a "candidate for any office at such election." This being so, under the procedure fixed by the statute, if he then *was* Mayor of Walsenburg, the clerk possessed no authority whatsoever to call in Mr. Barron, the justice of the peace. On the other hand, if Mr. Mazzone *was not* the mayor he was entitled to no place on the canvassing board. Obviously, in either contingency, the board was not constituted as the law directs.

Continuing, the same section specifies that the clerk "shall, in his presence [that is, of his single associate, either the Mayor or a Justice of the Peace], make out an abstract and ascertain the candidates elected, in all respects as required by law for the canvass of the returns of county elections." The statute pertaining to county elections (section 246, supra), requires that where a tie vote is discovered the canvassers "*shall immediately* determine by lot which of the two candidates shall be elected." This the canvassing board herein, if such it was, *did not do*. Instead, they formally certified an abstract showing a tied vote for mayor and disbanded.

On April 18, one week to the day after the certification and filing of the abstract, the old, as distinguished from the newly elected, city council, proceeded to its

consideration. Whereupon, as appears from the records of the council as pleaded by Mr. Dick, the following occurred (emphasis supplied):

"Alderman Dr. C. A. Brunelli announced that before the adoption of the canvassing board [report], he wished to present the following resolution:

" 'Whereas, a Municipal City Election was held on the third day of April, A. D. 1945, in the City of Walsenburg, Huerfano County, Colorado, for the purpose of electing a Mayor, a City Clerk, a City Treasurer, and two (2) aldermen for each of four (4) Wards within the City of Walsenburg, Colorado; and

" 'Whereas, a canvass of the votes certified by the canvassing board of said election shows a tie vote for the office of Mayor; and

" 'Whereas, in compliance with Section 246 of Page 108 of the election laws of the State of Colorado, being the only law regarding tie votes and the qualification of candidates who received such tie votes, in substance to determining by lot; and

" *'Whereas the City Council of the City of Walsenburg sees fit to comply with the method of deciding a tie vote, being the fair and equitable way of determining the elected candidate.*

" 'Now, *Therefore be it Resolved, That the City Council of the City of Walsenburg hereby authorizes and directs the City Clerk, and a Justice of the Peace, being members of the canvassing board, to cast a lot for the purpose of determining the elected candidate, and that such lot be cast in the presence of the City Council, and in such manner as the City Council shall determine.'*

"Alderman Dr. C. A. Brunelli then moved that the foregoing Resolution be adopted as read. Alderman James Phipps seconded said Motion.

"Thereupon, Mayor Herman Mazzone asked the City Clerk to call the roll of the Council with the following results:

"Aldermen Voting Aye: — Dr. C. A. Brunelli, James Phipps, Wilbur Taylor, Oscar Santi, Antonia Andreatta.

"Alderman Voting Nay: — Valentine Suspancic.

"The majority of Aldermen voting in favor of said motion, Mayor Herman Mazzone declared said motion approved and adopted.

"Thereupon, Alderman James Phipps moved that the candidates for the office of Mayor participate in the drawing, and that the names of James B. Dick, Jr. and Joe Mosco, Jr. be placed in a hat and that one of the two capsules be drawn from the hat, thus deciding the elected candidate, and that the City Clerk and Fred I. Barron, Justice of the Peace, members of the canvassing board conduct the drawing in the presence of the Council.

\* \* \*

"The majority of Aldermen voting in favor of said motion, Mayor Mazzone declared said motion approved and adopted."

Other evidence discloses that the two candidates for mayor, the City Clerk, Mr. Barron, J. P., and others were then present. Mr. Dick agreed to the procedure proposed by the resolution, but Mr. Mosco refused to participate therein or to be bound thereby. Mr. Mazzone, who, as mayor and as a member of the canvassing board, had signed the certification to the abstract of votes, was there, presiding over the council, but did not participate in the pseudo drawing. The capsule containing Mr. Dick's name was drawn from the hat by either the City Clerk or the Justice of the Peace.

"Thereupon, Alderman James Phipps introduced the following resolution," (which by majority vote was adopted):

"Whereas, the City Clerk and Justice of the Peace, Fred I. Barron, *by authorization and direction of the City Council* had cast a lot to determine the elected candidate for mayor as the result of a tie vote, and

"Whereas, as the result of such determination James

B. Dick, Jr. was chosen and elected to qualify as Mayor of the City of Walsenburg, Colorado.

"*Now, Therefore be it Resolved,* That James B. Dick, Jr. be and is hereby declared elected to the office of Mayor of the City of Walsenburg, Huerfano County, Colorado, * * *."

As I view, the foregoing recitals establish beyond question that, as the trial court concluded, the city council, and not the canvassing board, assumed to determine who was elected and that the council, not the canvassing board, declared the result. No statute gives the city council such authority. The attempt had no more validity than would have resulted from the council's nomination of two spectators as its agents to perform the manual operation of drawing a name from the hat. Further, it seems certain that section 246, supra, from which flows the inferential authority of a municipal canvassing board to "immediately determine by lot," which of two tied candidates shall be elected, confers discretion on the canvassing board to devise and prescribe the procedure by which the lots shall be cast, such as whether it be by the drawing of straws or by other means. Not even a court can command a board of canvassers in matters of discretion. *Orman v. People ex rel.,* 18 Colo. App. 302, 308, 71 Pac. 420. How, then, could a city council lawfully accomplish the direction herein attempted?

To climax the incongruities attending, it would seem certain, as the trial court determined, that the terms of office of the aldermen, who, as the city council, purported to act as aforesaid on April 18, all had expired at midnight on the preceding April 15. See section 1, Art. XII of Colorado Constitution; sections 90 and 94, chapter 163, '35 C.S.A., and *People ex rel. v. Shaffer,* 90 Colo. 432-435, 9 P. (2d) 612.

Section 191, supra, the municipal canvassing statute, further requires that when the canvassing board has ascertained the winners, the city clerk "shall, * * * make out a certificate as to each candidate so elected,

and cause the same to be delivered to him \* \* \*." Up
to the time of the trial, at least, no certificate of election
had been delivered to Mr. Dick. It is not to be presumed
that the clerk would have been guilty of this omission
if, in fact, the purported canvassing board, as such, in-
stead of the city council, had acted in resolving the tie.

Simply then, as the facts indubitably proclaim, we
have a situation wherein, because of .noncompliance
with the law, the tie between the parties, if such there
was, remains to this day legally unbroken and unre-
solved. It is elementary that unless legal provision is
made for determining who shall be declared elected in
the event of a tie vote, there is no election. 29 C.J.S.,
p. 354, §244. Patently, even though, as here, machinery
therefor is provided, the same state of vacuity obtains
until the tie formally is broken by its legal operation.
In default of such, the newly elected council had the
right to declare a vacancy and designate Mr. Mosco as
Mayor under section 92, chapter 163, '35 C.S.A., as it did.

In the form of this proceeding and through the dearth
of essential parties, questions directed to the right of
the canvassing board to reconvene for the purpose of
completing its work; the power of a court to so direct
or the effect of the failure of the new council to call a
special election as suggested by its resolution appointing
Mr. Mosco to fill the vacancy, obviously may not be
considered herein.

I am authorized to say that Mr. Justice Hilliard con-
curs in this dissenting opinion.